**Edwin PIERCE, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 20, 1996.

Decided Jan. 22, 1997.

---

William Ruzzo, Assistant Public Defender, Wilkes–Barre, and Edward C. Greco, Kulpmont, for petitioner.

Mary C. Bodo, Chief Counsel, Harrisburg, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Edwin Pierce petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. On appeal, Pierce contended that he was entitled to release and reparole under the Fifth Amendment and Due Process because 1) the parole hearing was not held within a reasonable time; 2) violations on two counts of the same conviction constitute double jeopardy; 3) the violations were against the weight of the evidence; and 4) the amount of back time involved was excessive. The Court appointed counsel and Pierce's counsel subsequently filed an application for leave to withdraw his appearance on behalf of Pierce on the ground that the appeal is without merit and submitted a letter in support of

this application. Subsequently, a second counsel entered his appearance in this matter, but no briefs from either of Pierce's counsel have been forthcoming.

■ This Court will first address counsel's petition to withdraw his appearance and the "no-merit letter" filed with it. In *Hont v. Pennsylvania Board of Probation and Parole,* 680 A.2d 47 (Pa.Cmwlth.1996), Judge Smith, speaking for the majority, made it clear that "[this court] does not reach an examination on the merits of the appeal until it is satisfied that counsel has discharged its responsibility in complying with the technical requirements of an *Anders* brief or a no-merit letter."[1] *Id.* at 48 (citing with approval *Wesley v. Pennsylvania Board of Probation and Parole,* 150 Pa.Cmwlth. 54, 614 A.2d 355, 356 (1992)). We agree.

■ The *Hont* Court essentially provided a hornbook review of the requirements under *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), and progeny which court-appointed counsel must follow when seeking to withdraw representation where counsel alleges that the issues raised by the petitioner lack merit:

> [C]ounsel must file a "no-merit" letter detailing the nature and extent of his [or her] review and listing each issue which the petitioner wishes to raise. In addition the letter must include an explanation as to why those issues lack merit.... The appellate court is required to conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before the appellate court may grant counsel leave to withdraw.

*Hont* at 48 (citations omitted). In *Hont,* the petitioner raised three issues, but his counsel's "no-merit" letter addressed only one of them and the court refused to proceed to the merits of the case until the deficiency had been corrected. In the present case, we are faced with the same deficiency. Pierce

1. *Anders* stands for the proposition that an accused's Sixth Amendment right to assistance of counsel in parole challenges is made obligatory on the states by Fourteenth Amendment and requires counsel to act in the role of active advocate in behalf of the client as opposed to that of

amicus curiae. It provides for withdrawal of counsel only where counsel avers and the court finds that the appeal is "frivolous" and only after rigorous briefing of the record. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

756

raised the four issues above, but his counsel's "no-merit" letter addressed only the Board's alleged abuse of discretion in imposing excessive backtime and that the revocation hearing was untimely.

Although this Court does not encourage or condone the pursuit of frivolous challenges, this Court again notifies the bar that it will not tolerate the compromise of an individual's right to representation on appeal.

Accordingly, this Court denies without prejudice counsel's petition to withdraw from representation of Pierce and will not reach the merits of the appeal until satisfied that counsel has met its responsibility of complying with the technical requirements of an *Anders* brief or a "no-merit letter". We shall not undertake independent examination of the merits of Pierce's appeal until counsel has complied with the requirements of *Turner.*