**Benjamin HILL, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 16, 1998.

Decided March 18, 1998.

William Ruzzo, Wilkes-Barre, for petitioner.

K. Scott Roy and Arthur R. Thomas, Harrisburg, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

Benjamin Hill (Hill) petitions this court for review of a decision of the Pennsylvania Board of Probation and Parole (Board) denying Hill's request for administrative relief after a Board order revoked his parole and recommitted him as a technical parole violator. In addition, Hill's appointed counsel (Counsel) petitions this court for leave to withdraw from the case on the basis that Hill's appeal is frivolous and without merit. Currently before us is Counsel's application for leave to withdraw.

Hill filed a *pro se* request for administrative relief from the Board's November 20, 1996 order recommitting him to serve eighteen months backtime as a technical parole violator. After the Board denied Hill's request, Hill filed a *pro se* petition for review with this court. Counsel was appointed to represent Hill in the proceedings before this court. Upon review of the record, Counsel determined the appeal to be frivolous and filed an application for leave to withdraw his appearance; Counsel submitted a letter to this court in support of the application.

■ In *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), our supreme court set forth the proper procedure to be followed when court-appointed counsel seeks to withdraw from representation because issues raised by the petitioner are frivolous. We have interpreted *Turner* as requiring counsel to file a no-merit letter containing (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is frivolous. *Vandermark v.*

*Pennsylvania Bd. of Probation and Parole,* 685 A.2d 628 (Pa.Cmwlth.1996); *Epps v. Pennsylvania Bd. of Probation and Parole,* 129 Pa.Cmwlth. 240, 565 A.2d 214 (1989). These requirements must be satisfied by court-appointed counsel before we may consider any request by counsel to withdraw an appearance on behalf of an individual under the jurisdiction of the Board. *Vandermark.*

■ In reviewing an application for leave to withdraw, this court must make an independent evaluation of the proceedings before the Board to determine whether the petitioner's appeal is wholly frivolous. *Id.* In this regard, we are mindful that counsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless. *Vandermark; Hont v. Pennsylvania Bd. of Probation and Parole,* 680 A.2d 47 (Pa.Cmwlth.1996).

■ Here, Counsel's no-merit letter fails to meet the requirements of *Turner.* First, Counsel's no-merit letter fails to address each allegation raised by Hill in his petition for review. Although inartful, Hill's petition for review raises several allegations of the deprivation of his due process rights, including repeated allegations that he was not given a hearing prior to his recommitment. While Counsel's letter addresses four of the issues raised by Hill, it fails to address Hill's contention that he was denied a pre-revocation hearing. Consequently, we must conclude that Counsel's letter is defective. *See Pierce v. Pennsylvania Bd. of Probation and Parole,* 688 A.2d 754 (Pa.Cmwlth.1997); *Hont.*[1]

Second, although Counsel's no-merit letter addresses four of the due process issues raised by Hill, Counsel's analysis of those issues in concluding that Hill's appeal is frivolous is inadequate to meet the requirements

---

1. In *Hont* and *Pierce,* this court was faced with similar deficiencies in counsels' no-merit letters and concluded that counsel did not satisfy the requirements of *Turner.* In *Hont,* where the petitioner raised three issues in his petition for review, but his counsel's no-merit letter addressed only one of them, we concluded that the no-merit letter was deficient. Likewise, in *Pierce,* the petitioner raised four issues in his petition for review, but his counsel's no-merit letter addressed only two of those issues. Again, we concluded that the no-merit letter was deficient. *See also Vandermark.*

of *Turner.* To comply with *Turner,* Counsel must have a substantive reason for concluding that Hill's claims are meritless. *Vandermark; Wesley v. Pennsylvania Bd. of Probation and Parole,* 150 Pa.Cmwlth. 54, 614 A.2d 355 (1992). Here, however, Counsel's letter lacks any analysis of the merits of the issues raised by Hill. Instead, Counsel merely states in his letter that he has conducted an "exhaustive examination of the certified record and research of applicable case law," (Counsel's Letter, September 16, 1997), and concluded that Hill's appeal has no basis in law or fact and is, therefore, frivolous.[2] Counsel's lack of any substantive analysis of Hill's claims or explanation as to why these claims are frivolous is evidence that Counsel's no-merit letter is defective.

Although we do not encourage or condone the pursuit of frivolous challenges, we will not tolerate the compromise of an individual's right to representation on appeal. Accordingly, because Counsel's no-merit letter is defective, we deny Counsel's petition to withdraw from representation of Hill. Furthermore, until Counsel complies with the requirements of *Turner,* we will not carry out an independent examination of the merits of Hill's appeal.

### ORDER

AND NOW, this 18th day of March, 1998, the application for leave to withdraw filed by counsel of record is hereby denied without prejudice and counsel is directed to refile the application, complying with the requirements of *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988), within thirty days of this order.

---

**2.** The only resemblance to a substantive analysis of Hill's claims found in Counsel's letter is the following sentence: "As to Petitioner's due process claims generally, counsel has examined *Hawkins v. Pa. Bd. of Pro. and Parole,* 88 Pa. Cmwlth. 547, 490 A.2d 942 (1985) for its holdings on process due accused violators and its teachings regarding this Court's standard for review." (Counsel's Letter, September 16, 1997.)