Edwin WALKER, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 17, 2000.

Decided April 18, 2001.

Edwin Walker, petitioner, pro se.

Susan M. Zeamer, Harrisburg, for respondent.

Before PELLEGRINI, Judge, FLAHERTY, Judge, JIULIANTE, Senior Judge.

FLAHERTY, Judge.

This matter is on *pro se* Petition for Review of the denial of administrative relief by the Pennsylvania Board of Probation and Parole (Board).

Petitioner, Edwin Walker, was sentenced to a term of imprisonment for life following his conviction for first-degree murder. He received a commutation, which resulted in a modified sentence of sixteen (16) years, seven (7) months and

sixteen (16) days to life effective July 30, 1957. Mr. Walker was re-paroled from that sentence on December 29, 1987. The parole was subject to general and specific conditions. On November 14, 1996, the City of Philadelphia Police Department arrested Mr. Walker on new criminal charges. These charges were subsequently dismissed, however, the Board lodged a detainer against him based upon a technical violation of parole. Agents of the Pennsylvania Attorney General subsequently arrested Mr. Walker in Luzerne County. After detention and final violation hearings, Mr. Walker was detained pending disposition of the Luzerne County charges.[1] Following a November 2, 1998 revocation hearing on the technical parole violation, Mr. Walker was recommitted based upon the decision of the Board mailed on January 22, 1999. On November 10, 1999, after a hearing, the Board revoked Mr. Walker's parole on the basis of his September 29, 1999 convictions. By decision mailed on March 6, 2000, the Board ordered him recommitted as a convicted parole violator based upon evidence of his September 29, 1999 convictions.

Mr. Walker filed an administrative appeal with the Board raising a defense to the charge that he had violated the technical terms of his parole by receiving new convictions. The Board received this appeal on March 17, 2000. On April 4, 2000, the Board received a second/supplemental administrative appeal from Mr. Walker requesting relief from the decision of the Board mailed on March 6, 2000. The subject of these administrative appeals, however, was the prior violation hearing of November 2, 1998, and the subsequent recommitment Order mailed on January 22, 1999, based upon the technical parole

violation. By way of a response mailed on April 14, 2000, the Board denied the administrative appeal of March 17, 2000, and dismissed the administrative appeal of April 4, 2000.

In his Petition for Review, Mr. Walker essentially argues the following:

1) The Board improperly imposed backtime for a technical parole violation based upon an act constituting a new crime of which he was convicted. *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). Furthermore, Mr. Walker did not waive this issue because he was represented by ineffective counsel.

2) The Board erroneously dismissed Mr. Walker's "supplemental appeal" which alleges the revocation hearing was untimely.

Petition for Review at 3–4, ¶¶ 16–17.

 On August 14, 2000, citing *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988), appointed counsel (Counsel) filed a "no-merit" letter seeking leave to withdraw its appearance as Mr. Walker's counsel. Before this Court will consider Counsel's request, the "no-merit" letter must first fully comply with the procedures outlined in *Turner*:

"The 'no-merit' letter must contain (1) the nature and extent of the counsel's review, (2) the issues petitioner wishes to raise, and (3) counsel's analysis in concluding petitioner's appeal to be frivolous." *Epps v. Pennsylvania Board of Probation and Parole*, 129 Pa.Cmwlth. 240, 565 A.2d 214, 216 (1989) (citing, *Commonwealth v. Turner*, 518 Pa. 491, 494, 544 A.2d 927, 928 (1988)). Counsel has discharged their responsibility if

---

**1.** Petitioner was convicted by a jury of two counts of possession with intent to deliver heroin and cocaine and two counts of delivery of heroin and cocaine on September 29, 1999, for which he received a total aggregate sentence of eight to sixteen years' imprisonment.

they allege that the appeal is meritless, an allegation of frivolous appeal is not required. *Frankhouser v. Pennsylvania Board of Probation and Parole*, 143 Pa.Cmwlth. 80, 598 A.2d at 607, 608 (1991).

*Hont v. Pennsylvania Board of Probation and Parole*, 680 A.2d 47, 48 (Pa.Cmwlth. 1996); *Wesley v. Pennsylvania Board of Probation and Parole*, 150 Pa.Cmwlth. 54, 614 A.2d 355, 356 (1992). "The Court does not reach an examination of the merits of [Mr. Walker's] appeal until it is satisfied that counsel has discharged its responsibility in complying with the technical requirements of ... a no-merit letter." *Wesley*, 614 A.2d at 356.

■ Counsel's no-merit letter is defective because it fails satisfy two of the three *Turner* elements. First, Counsel does not address all of the allegations raised by Mr. Walker in his Petition for Review. Mr. Walker contends that his "supplemental appeal" was timely and is not a "second appeal". Petition for Review at 3, ¶ 17. In this supplemental request for administrative relief Mr. Walker alleges he did not receive a timely revocation hearing. C.R. at 52. We do not believe this omission is harmless because a failure to address this procedural issue can be fatal to consideration of substantive issues. Therefore, we conclude that Counsel's no-merit letter fails to include all of the issues raised by Mr. Walker.

■ This is not the only defect that precludes our review. To comply with the third Turner requirement, Counsel must have a substantive reason for concluding that Mr. Walker's claims are meritless. *Hill v. Pennsylvania Board of Probation and Parole*, 707 A.2d 1214 (Pa.Cmwlth. 1998). As we stated to Counsel in *Hill:*

Here, however, Counsel's letter lacks any analysis of the merits of the issues raised by Hill. Instead, Counsel merely states in his letter that he has conducted an "exhaustive examination of the certified record and research of applicable case law," (Counsel's Letter, September 16, 1997), and concluded that Hill's appeal has no basis in law or fact and is, therefore, frivolous. Counsel's lack of any substantive analysis of Hill's claims or explanation as to why these claims are frivolous is evidence that Counsel's no-merit letter is defective.

Although we do not encourage or condone the pursuit of frivolous challenges, we will not tolerate the compromise of an individual's right to representation on appeal. Accordingly, because Counsel's no-merit letter is defective, we deny Counsel's petition to withdraw from representation of Hill. Furthermore, until Counsel complies with the requirements of *Turner*, we will not carry out an independent examination of the merits of Hill's appeal.

*Hill*, 707 A.2d at 1216.[2]

The only resemblance to a substantive analysis that Counsel provides for Mr. Walker's first argument is the following sentences: "As to Petitioner's contention that the Board erred by sentencing Mr. Walker once as a technical violator and once as a convicted parole violator counsel has reviewed the law and the record. Specifically, counsel has reviewed *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110[sic] (1985)." These statements, with nothing more, do not satisfy the *Turner* requirement Counsel analyze the merits of Mr. Walker's arguments.

---

**2.** *See also Pierce v. Pennsylvania Board of Probation and Parole*, 688 A.2d 754 (Pa. Cmwlth.1997); *Vandermark v. Pennsylvania* Board of Probation and Parole, 685 A.2d 628 (Pa.Cmwlth.1996).

Accordingly, we conclude that appointed counsel has not discharged his responsibility under the requirements of *Turner*. This defect requires that we deny the petition to withdraw. This Court shall not embark upon an independent examination of the merits of Mr. Walker's appeal until such time as Counsel complies with the requirements of *Turner* or submits a brief on the merits. Appointed counsel's petition for leave to withdraw as Counsel is denied.[3] Counsel is granted thirty (30) days to either submit a brief on the merits of Mr. Walker's appeal or re-file a no-merit letter in accordance with *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).

### ORDER

AND NOW, this 18th day of April, 2001, the application of appointed counsel for leave to withdraw as Edwin Walker's counsel of record is hereby denied without prejudice. Counsel of record is granted thirty (30) days from the date of this order to either submit a brief on the merits of Mr. Walker's appeal or re-file a no-merit letter in accordance with *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).

---

3. Mr. Walker submitted a brief on the merits while this Court was considering the no-merit letter. His *pro se* brief does not render the no-merit letter moot. On August 16, 2000, the Court ordered that while it was considering Counsel's Petition to Withdraw, Mr. Walker *may* either obtain substitute counsel at his own expense or file a brief on his behalf. On September 6, 2000, Counsel sent a copy of the Order to Mr. Walker with the cover letter characterizing the Order as a *directive* to Mr. Walker to either obtain substitute counsel at his own expense or file a brief on his behalf.

This may explain why Mr. Walker filed his own brief.

The record/file contains no evidence that Mr. Walker fired Counsel and we cannot conclude that Mr. Walker's *pro se* brief on the merits is a *de facto* termination because Counsel's cover letter may have misled Mr. Walker into believing that the Court ordered him to enlist other counsel or file a brief. In this matter, Counsel's Petition to Withdraw is not granted so Mr. Walker's brief will remain pending until the attorney-client relationship is properly terminated.