# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Jones,                              :
                  Petitioner      :
                                :
               v.                        :   No. 1149 C.D. 2015
                                :   Submitted: April 8, 2016
Pennsylvania Board of Probation and       :
Parole,                                   :
                Respondent      :

**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                     **HONORABLE MICHAEL H. WOJCIK,** Judge
                     **HONORABLE ROCHELLE S. FRIEDMAN,** Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**         **FILED: July 8, 2016**

Douglas Campbell, Esquire (Counsel) of the Clearfield County Public Defender's Office petitions the Court for leave to withdraw as counsel on behalf of Louis Jones (Jones). Jones petitions for review of the June 4, 2015 determination of the Pennsylvania Board of Probation and Parole (Board) denying his petition for administrative review, and affirming the Board's April 27, 2015 Order to recommit Jones as a convicted parole violator (CPV) and to recalculate Jones' maximum date. Appended to Counsel's Petition for Withdrawal of Appearance (Application to Withdraw) is a No-Merit letter, in which Counsel argues that Jones' appeal lacks a basis in law or fact and is therefore frivolous. (Letter from Counsel to the Commonwealth Court of Pennsylvania (No-Merit Letter), January 22, 2016, at 1-

3.) Because we conclude that Counsel has not adequately identified or addressed all of the issues raised by Jones to this Court in his pro se Petition for Review, we deny Counsel's Application to Withdraw.

Jones was paroled from his original sentence on July 15, 2003, with a maximum date of April 15, 2013. On March 28, 2005, following a subsequent criminal conviction, Jones' maximum date was recalculated to December 18, 2014, and Jones was recommitted as a CPV to a State Correctional Institution (SCI) to serve 24 months of backtime. On December 14, 2007, Jones was reparoled to serve his second criminal sentence. After completion of his second sentence, Jones was released on parole on April 11, 2012.

On October 18, 2013, Jones was arrested on suspicion of robbery and held at Lebanon County Prison. While incarcerated, pending the disposition of his robbery charges, Jones was unable to post bail. (Magisterial District Judge Docket Number MJ-52201-CR-0000304-2013, C.R. 34.) Also on October 18, 2013, the Board issued a detainer for Jones. (C.R. 29.) Jones was convicted of robbery under Section 3701 of the Crimes Code, 18 Pa. C.S. § 3701, and sentenced to serve 6-to-15 years in an SCI. (Criminal Arrest and Disposition Report, C.R. 60.) After a recommitment hearing, the Board imposed 36 months of backtime and recalculated Jones' maximum date to April 25, 2021. (Notice of Board Decision, May 11, 2015, C.R. 117.) Jones was not given credit towards his maximum date for any time spent outside the walls of an SCI, including the time he spent in a halfway house while on parole. (Order to Recommit, C.R. 115.)

Following the Board's Order recalculating Jones' maximum date to April 25, 2021, he filed a request for administrative relief. (C.R. 134.) Jones alleged, without elaboration, that to take "street time on pryor [sic] violation is error of law

2

and due process." (Id.) Jones also alleged that his reparole eligibility was improperly calculated. The Board denied Jones' appeal, maintaining that it correctly recalculated his maximum date. (Administrative Review Order, June 4, 2015, C.R. 136-37.) The Board's decision explained the method it used to calculate Jones' new maximum date.

Jones filed his pro se Petition for Review of the Board's June 4, 2015 decision with this Court on June 12, 2015. By Order dated August 24, 2015, this Court appointed the Public Defender of Clearfield County to represent Jones in the action and Counsel, on behalf of the Public Defender, entered an appearance for Jones on September 29, 2015.[1] (No-Merit Letter at 1.) Counsel now seeks to withdraw his appearance.

In order to withdraw an appearance, appointed counsel must submit a letter which meets the technical requirements of a no-merit or Turner[2] letter. Zerby v. Shanon, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citing Com. v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007)). In Turner, our Supreme Court stated that, in order to withdraw an appearance, court-appointed counsel must submit to the court and to his or her client a no-merit letter in which counsel: (1) "detail[s] the nature and extent of [counsel's] review"; (2) identifies "each issue the [client] wished to have raised"; and (3) explains why the issues are meritless. Com. v. Turner, 544 A.2d 927, 928 (Pa. 1988). Counsel is required to serve this letter and counsel's application to withdraw on his or her client, and is further required to inform his or her client of the right to proceed pro se or through privately retained counsel.

---

[1] Counsel is the First Assistant Public Defender of Clearfield County. (No-Merit Letter at 4.)

[2] Com. v. Turner, 544 A.2d 927, 928 (Pa. 1988).

Zerby, 964 A.2d at 960 (internal quotation omitted). "[A] no-merit letter must substantively address each of the [Jones'] arguments, rather than baldly stating that the claims are without merit." Hughes v. Pa. Bd. of Prob. and Parole, 977 A.2d 19, 25 (Pa. Cmwlth. 2009) (citing Hill v. Pa. Bd. of Prob. and Parole, 707 A.2d 1214, 1215-16 (Pa. Cmwlth. 1998)). The purpose of a Turner letter is to (1) ensure that counsel has "carefully" discharged his or her duty to his or her client, and (2) to enable "our independent examination of the merits of the appeal." Seilhamer v. Pa. Bd. of Prob. and Parole, 996 A.2d 40, 44 (Pa. Cmwlth. 2010) (citing Presley v. Pa. Bd. of Prob. and Parole, 737 A.2d 858, 861-62 (Pa. Cmwlth. 1999)). Only if Counsel's no-merit letter satisfies all the technical requirements of a Turner letter, will we then conduct an independent review of the merits of the petition for review to determine if it lacks merit. Zerby, 964 A.2d at 960. If Counsel's no-merit letter does not satisfy the technical requirements of Turner, we will deny Counsel's request and direct Counsel to either file a no-merit letter that complies with Turner, or submit a brief on the merits of the Jones' petition. Id.

Here, in his pro se Petition for Review, Jones alleges that the Board impermissibly altered a judicially imposed sentence by extending his maximum date. (Petition for Review). Jones further alleges that the Board entered into an illegal contract with him. (Id.) Accordingly, in order to comply with the technical requirements of a Turner letter, Counsel must identify and analyze each of the two aforementioned issues, giving either a substantive reason or citing to authority which would demonstrate a lack of merit in Jones' arguments. Hughes, 977 A.2d at 27.

At the outset, we note that Counsel has complied with the notice requirements of a Turner letter. In his Application to Withdraw, Counsel states

4

"[p]etitioner is hereby notified that other counsel may be retained to pursue his appeal or that he may raise points that he deems to be important in a Pro-Se Brief." (Petition to Withdraw ¶ 3.) Additionally, appended to Counsel's Application to Withdraw is a Proof of Service document which states that copies were sent to Jones.

Turning to the substance of Counsel's No-Merit Letter, we note that Counsel characterizes Jones' argument as a challenge to the amount of credit the Board gave him and a challenge to Jones' maximum date. (No-Merit Letter at 1-3.) Although Counsel cites Savage v. Pennsylvania Board of Probation and Parole, 761 A.2d 643 (Pa. Cmwlth. 2000), for the proposition that the Board may not impose backtime exceeding the term of incarceration imposed by the judiciary, Savage does not directly address Jones' assertion that the Board lacks authority to recalculate his maximum date in the first instance. Counsel's citation to Gaito v. Pennsylvania Board of Probation and Parole, 412 A.2d 568 (Pa. 1980), for the proposition that a parolee is entitled to credit against his or her original sentence only for the time incarcerated exclusively on the Board's warrant, likewise does not address this issue. Moreover, in his No-Merit Letter, Counsel does not reference the illegal contract issue Jones raises in his Petition for Review. Rather, it appears that Counsel's analysis focuses upon the method by which the Board calculated Jones' backtime.[3] While this analysis addresses the arguments Jones

---

[3] Counsel's letter details various periods of time for which Jones asserts he was owed credit and provides reasons as to why they do not count as credit towards his maximum date. For example, Counsel references 90 days in "the Renewal Center in Pittsburgh," 1,460 days "when he was incarcerated as a technical parole violator . . . ," and 182 days served in the Lebanon County Jail. (No-Merit Letter at 2.)

5

raised in his request for administrative relief, it is not pertinent to the issues raised in the Petition for Review.

To summarize, Counsel has not provided substantive reasons or authority which tend to show that Jones' challenge to the authority of the Board to recalculate his maximum date is without merit. In addition, Counsel has also not identified or analyzed Jones' argument relating to an alleged illegal contract between him and the Board. Because Counsel's No-Merit letter does not address all of Jones' arguments, we must deny Counsel's Application to Withdraw, without prejudice, and grant Counsel 30 days from the date of this Order to either file a renewed application to withdraw, along with an amended no-merit letter, or a brief on the merits of Jones' Petition for Review.

_____
**RENÉE COHN JUBELIRER,** Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Louis Jones,                           :
                    Petitioner         :
                                       :
            v.                         :    No. 1149 C.D. 2015
                                       :
Pennsylvania Board of Probation and    :
Parole,                                :
                    Respondent         :

# **O R D E R**

**NOW**, July 8, 2016, the Petition for Withdrawal of Appearance filed by Douglas Campbell, Esquire (Counsel) is hereby **DENIED**, without prejudice. Counsel is granted thirty (30) days from the date of this Order to either file a renewed application to withdraw, along with an amended no-merit letter, or submit a brief on the merits of Mr. Jones' Petition for Review.

_____
**RENÉE COHN JUBELIRER,** Judge