# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marlon Christophe Headley,      :
              Petitioner     :
                                :
          v.             :    No. 2553 C.D. 2015
                                :    Submitted: July 15, 2016
Pennsylvania Board of Probation and   :
Parole,                          :
              Respondent   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**          **FILED: September 8, 2016**

Before this Court is Marc T. Valentine, Esquire's (Counsel)[1] Application for Leave to Withdraw Appearance (Application to Withdraw) on behalf of Marlon Christophe Headley (Headley). Headley petitions for review of the November 16, 2015, Determination of the Pennsylvania Board of Probation and Parole (Board) denying Headley's Administrative Appeal and Petition for Administrative Review, and affirming the Board's June 16, 2015, Decision recommitting Headley as a technical parole violator and convicted parole violator and recalculating Headley's

---

[1] Counsel is the Special Assistant Public Defender for State Parole Matters for Somerset County.

maximum sentence date to January 13, 2020. Appended to Counsel's Application to Withdraw is a No-Merit Letter, in which Counsel argues that Headley's appeal lacks a basis in law or fact and is, therefore, without merit. (No-Merit Letter at 3.) Although Counsel identified and addressed one issue raised by Headley, he did not identify or address the others. Therefore, because Counsel has not adequately identified or addressed *all* of the issues raised by Headley to this Court in his pro se Petition for Review, we deny Counsel's Application to Withdraw.[2]

Headley filed his pro se Petition for Review with this Court on December 18, 2015. By Order dated December 21, 2015, this Court appointed the Public Defender of Somerset County to represent Headley in the action and Counsel, on behalf of the Public Defender, entered an appearance on Headley's behalf on January 27, 2016. Counsel now seeks to withdraw his appearance.[3]

---

[2] Because we are denying Counsel's Application, but permitting him to file an amended no-merit letter or brief on the merits, we do not provide a detailed recitation of the underlying facts in this matter. We note generally that Headley was paroled in 2012, spent time at a community corrections facility/halfway house, was released to a family plan, left the jurisdiction without permission, and was declared delinquent by the Board. Headley was ultimately arrested and charged with new crimes in West Virginia on November 12, 2013, and the Board lodged a warrant to commit and detain Headley on the same day. (C.R. at 20, 28.) Headley pled guilty to those new crimes on May 8, 2014, and he was returned to the Pennsylvania Department of Corrections on or about March 20, 2015. (C.R. at 21-24, 39, 67.)

[3] We note that Headley filed with this Court, on June 8, 2016, a letter suggesting that he was withdrawing his Petition for Review because he could not afford another attorney and was without "access to the proper case law" to draft his own brief in response. (Letter from Headley to Office of the Chief Clerk (June 8, 2016) at 1.) Headley includes considerable discussion within this letter as to why he believes the Board erred in its recalculation of his maximum sentence date. (Id. at 1-4.) However, before we decide whether to consider Headley's arguments on the merits, we first will determine whether Counsel is entitled to withdraw his appearance.

In order to withdraw an appearance, appointed counsel must submit a letter which meets the technical requirements of a no-merit or Turner[4] letter. Zerby v. Shanon, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citing Com. v. Wrecks, 931 A.2d 717, 720-21 (Pa. Super. 2007)). In Commonwealth v. Turner, 544 A.2d 927, 928 (Pa. 1988), our Supreme Court stated that, in order to withdraw an appearance, court-appointed counsel must submit to the court and to his or her client a no-merit letter in which counsel: (1) "detail[s] the nature and extent of [counsel's] review"; (2) identifies "each issue the [client] wished to have raised"; and (3) explains why the issues are meritless. Counsel is required to serve this letter and counsel's application to withdraw on his or her client, and is further required to inform his or her client of the right to proceed pro se or through privately retained counsel. Zerby, 964 A.2d at 960 (internal quotation omitted). "[A] no-merit letter must substantively address each of the petitioner's arguments, rather than baldly stating that the claims are without merit." Hughes v. Pa. Bd. of Prob. and Parole, 977 A.2d 19, 25 (Pa. Cmwlth. 2009) (citing Hill v. Pa. Bd. of Prob. and Parole, 707 A.2d 1214, 1215-16 (Pa. Cmwlth. 1998)). The purpose of a Turner letter is to: (1) ensure that counsel has "carefully" discharged his or her duty to his or her client; and (2) to enable "our independent examination of the merits of the appeal." Seilhamer v. Pa. Bd. of Prob. and Parole, 996 A.2d 40, 44 (Pa. Cmwlth. 2010) (citing Presley v. Pa. Bd. of Prob. and Parole, 737 A.2d 858, 861-62 (Pa. Cmwlth. 1999)). Only if Counsel's No-Merit Letter satisfies all the technical requirements of a Turner letter, will we then conduct an independent review of the merits of the petition for review to determine if it lacks merit. Zerby, 964 A.2d at 960. If Counsel's No-Merit Letter does not satisfy the technical requirements of Turner,

_____

[4] Com. v. Turner, 544 A.2d 927, 928 (Pa. 1988).

we will deny Counsel's request and direct Counsel to either file a no-merit letter that complies with Turner, or submit a brief on the merits of Headley's Petition for Review. Id.

Here, in his pro se Petition for Review, Headley alleges that the Board impermissibly altered a judicially imposed sentence by extending his maximum date beyond his original maximum date of March 20, 2017. (Petition for Review at 3-5.) Headley also asserts that he was entitled to credit for the time "he was . . . in good standing at liberty" on parole pursuant to Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(2.1), and that the "Board abused its discretion by failing to exercise any of the discretion that it was granted by the General Assembly in" that section. (Petition for Review at 2-3, 6.) Headley makes additional arguments regarding possible credit for time spent in a halfway house. (Petition for Review at 3.) Accordingly, in order to comply with the technical requirements of a Turner letter, Counsel must identify and analyze each of these aforementioned issues, giving either a substantive reason or citing to authority which would demonstrate a lack of merit in Headley's arguments. Hughes, 977 A.2d at 27.

At the outset, we note that Counsel has complied with the notice requirements of a Turner letter. In his Application to Withdraw, Counsel states that he "informed [Headley] of his right to retain new Counsel or to raise with this Honorable Court any points that he deems worthy of this Court's consideration." (Application to Withdraw ¶ 8.) Counsel attached the letter he sent Headley in this regard to the Application to Withdraw, and he included the No-Merit Letter with that letter. (Letter from Counsel to Headley, Ex. A; No-Merit Letter, Ex. B.) Also appended to Counsel's Application to Withdraw is a Proof of Service document

4

which states that copies were sent to Headley. Moreover, it is apparent from Counsel's detailed recitation of the facts at hand that he has satisfied his obligation to thoroughly review the certified record in this matter. Zerby, 964 A.2d at 960.

Turning to the substance of Counsel's No-Merit Letter, we note that Counsel indicates that Headley's argument on appeal to this Court was "that the Board . . . lacked the proper jurisdiction to increase [Headley's] maximum sentence date." (No-Merit Letter at 2.) Counsel also describes Headley's "only issue" as being that "the Board err[ed] in recalculating [Headley's] maximum sentence date in response to the parole violation when a Judge had previously set the maximum sentence length at the time of original conviction." (Application ¶ 4.) These issues generally are consistent with Headley's issue, raised in his Petition for Review, that the Board impermissibly altered a judicially imposed sentence by extending his maximum date beyond his original maximum date of March 20, 2017. (Petition for Review at 3-5.) Counsel analyzes this issue, concluding that it is without merit because, in imposing 24 months of backtime, the Board did not exceed the remaining balance of Headley's unexpired term. (No-Merit Letter at 1-4.) Counsel provides citations to at least one case that supports this position, including Savage v. Pennsylvania Board of Probation and Parole, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) (stating that "the Board is not permitted to impose backtime which exceeds the entire remaining balance of parolee's unexpired term").

However, Counsel did not directly identify or substantively address each of the other arguments Headley raises in the Petition for Review or explain why the issues are meritless. We can thus not independently examine those issues. We must, therefore, deny Counsel's Application to Withdraw, without prejudice, and

5

grant Counsel 30 days from the date of this Order to either file a renewed application to withdraw, along with an amended no-merit letter, or a brief on the merits of Headley's Petition for Review.

_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marlon Christophe Headley,      :
                Petitioner    :
                            :
          v.           :    No. 2553 C.D. 2015
                            :
Pennsylvania Board of Probation and  :
Parole,                        :
               Respondent  :

## O R D E R

**NOW**, September 8, 2016, the Application for Leave to Withdraw Appearance filed by Marc T. Valentine, Esquire (Counsel) is hereby **DENIED**, without prejudice.  Counsel is granted thirty (30) days from the date of this Order to either file a renewed application to withdraw, along with an amended no-merit letter, or submit a brief on the merits of Marlon Christophe Headley's Petition for Review.

 

_____
**RENÉE COHN JUBELIRER,** Judge