IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Wilson, Jr.,             :
                Petitioner     :
                :
       v.               : No. 1136 C.D. 2022
                : Submitted: February 6, 2024
Pennsylvania Parole Board,     :
                :
            Respondent    :

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: April 26, 2024

         John J. Wilson, Jr. (Parolee), a parolee confined at the State Correctional Institution (SCI) at Greene, petitions for review of a decision of the Pennsylvania Parole Board (Board) denying his challenge to the Board Action recorded August 11, 2021, which recommitted him as a convicted parole violator (CPV) and recalculated his maximum sentence date as August 31, 2024. His counsel, Harry J. Cancelmi, Esq. (Counsel), filed an Application for Leave to Withdraw Appearance (Application), along with a no-merit letter (*Turner* Letter[1]), arguing that Parolee's appeal is frivolous and without merit. We deny Counsel's Application.[2]

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

[2] "Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66,

**(Footnote continued on next page…)**

In 2008, Parolee pleaded guilty to and was incarcerated on gun-related charges.[3] Certified Record (C.R.) at 1. At the time, his controlling maximum date was April 22, 2022, but he was released on parole in 2016. *Id.* at 1, 4. However, on November 30, 2017, Parolee was arrested for making false and fictitious statements to a federally licensed firearms dealer in connection with the acquisition of a firearm.[4] *Id.* at 24. The Board lodged a detainer against Parolee on December 1, 2017, and opted to detain him pending the disposition of his criminal charges. *Id.* at 17-19. According to his supervision history, Parolee posted bail on his new charges on October 22, 2018. *Id.* at 25. The Board subsequently authorized Parolee to be released into its custody and he was transported to SCI-Camp Hill on October 25, 2018, pursuant to the December 1, 2017 detainer. *Id.* at 18.

---

70 n.4 (Pa. Cmwlth. 2013) (citing Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704).

[3] Parolee was charged with persons not to possess firearms and firearms not to be carried without a license. 18 Pa. C.S. §§6105(a)(1), 6106(a)(1).

[4] 18 U.S.C. §922(a)(6) provides:

(a) It shall be unlawful--

* * *

(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

Ultimately, the United States District Court for the Middle District of Pennsylvania found Parolee guilty and sentenced him to serve 80 months' imprisonment consecutively to any state parole revocation. *Id*. at 24. The court also recommended that Parolee receive credit for time served while in custody from December 1, 2017, to October 22, 2018, "to the extent that time is not applied to the state parole revocation process." *Id*.

Importantly, Parolee waived his right to a revocation hearing and acknowledged his conviction. C.R. at 22. As a result, the Board ordered Parolee to be recommitted as a CPV to serve 24 months of backtime by a Board Action recorded April 5, 2021 (Recommitment Order). *Id*. at 77. The Board reasoned that recommitment was appropriate because (1) Parolee acknowledged his conviction in a court of record; (2) he adjusted poorly under supervision; (3) his new charges were serious or assaultive in nature; (4) he was not amenable to parole supervision; and (5) he was considered a threat to the safety of the community. *Id*. Additionally, the Board denied Parolee credit for time spent at liberty on parole, because his new conviction was similar to his original offense. *Id*. at 78. This resulted in his minimum sentence date being recalculated to February 6, 2023, and his maximum sentence date being recalculated to December 2, 2026. *Id*.

On August 11, 2021, the Board modified its Recommitment Order to reduce his maximum sentence date to August 31, 2024, and to "list for reparole review on the next available docket." C.R. at 81. This modification appears to be, simply, "due to the review of information[,]" but the Board did not offer further explanation. *Id*.

In an Administrative Remedies Form received by the Board on August 25, 2021, Parolee challenged the recalculation of his maximum date by exclusively

3

contesting the denial of credit for time he spent at liberty on parole. C.R. at 84-86. Parolee argued that this, in effect, resulted in the Board unlawfully increasing the length of his maximum term. *Id.*

In response, on September 16, 2022, the Board denied Parolee's request for administrative relief. Initially, the Board noted that it had statutory authority to recalculate his maximum sentencing date without awarding credit for time spent at liberty under Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2). C.R. at 101. Likewise, "the Board advised [Parolee] of this potential penalty on the parole conditions [he] signed on June 24, 2016." *Id.* The Board also explained that it respected his due process rights by affording him the ability to challenge the recalculation decision, and that its recalculation of his sentence did not violate double jeopardy. *Id.* (citing *Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 n.5 (Pa. 1979)).

Further, the Board noted that its decision to award or deny credit for time spent at liberty is purely a matter of discretion. C.R. at 101 (citing Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2.1)). It must simply explain the basis for its decision to do so, which, presently, the Board believes it did. *Id.* (citing *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474 (Pa. 2017)). The Board also claimed that it relied on substantial evidence in making its revocation decision, because Parolee knowingly and voluntarily waived his right to a revocation hearing and acknowledged his federal conviction. C.R. at 102.

Finally, the Board explained its recalculation. C.R. at 102. Upon his parole in 2016, Parolee still owed 2,125 days on his original sentence. *Id.* From December 1, 2017, to December 6, 2017, the Board held Parolee solely on its

detainer prior to his arrest, meaning he was entitled to five days of credit. *Id.* Similarly, because Parolee posted bail on October 22, 2018, he was held solely on the Board's detainer until January 22, 2021, thus entitling him to 823 days of credit. *Id.* All told, 1,297 days remained due and owing on his original sentence. *Id.* The Board also explained that federal authorities did not surrender Parolee to state custody until February 11, 2021, marking his effective date of admission to resume service on his original sentence. *Id.* Consequently, the Board found Parolee's correct maximum sentence date to be August 31, 2024, as it marks 1,297 days from February 11, 2021. *Id.* Parolee now appeals to this Court.

In his Petition for Review (Petition), Parolee seeks a reduction of his maximum sentence to March 19, 2023, and an immediate release from incarceration. Petition ¶7. Parolee argues he is entitled to this relief on four grounds: (1) the Board violated his due process and equal protection rights; (2) the Board failed to make an individualized assessment concerning the facts of his federal conviction; (3) the Board failed to award credit for time at liberty; and (4) the Board failed to award Parolee credit for time served from October 22, 2018, to January 22, 2021. *Id.* ¶6.

This Court appointed Counsel to represent Parolee for purposes of his Petition. Commonwealth Court Order, 11/16/22 (Per Curiam). Counsel promptly filed this Application, along with a *Turner* Letter, concluding "that there is no factual or legal basis for [Parolee's] appeal and that said appeal is lacking in merit and is frivolous." Application ¶4.

When evaluating an application to withdraw from representation of a parolee who challenges a revocation decision, we assess whether: (1) counsel notified the parolee of the request to withdraw; (2) counsel provided the parolee with a copy of a *Turner* Letter in accord with *Turner*, 544 A.2d at 928-29; and (3) counsel

advised the parolee of his right to retain new counsel or file a brief on his own behalf. *Miskovitch*, 77 A.3d at 69. The *Turner* Letter must detail the "nature and extent" of counsel's review, list each issue raised by the parolee, and explain why counsel concluded that parolee's claim is meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. 2009). If counsel has complied with these procedural requirements for withdrawal, the Court will independently review the merits of a parolee's claims. *Id*. at 960. However, should counsel fail to address every issue raised by the parolee in his petition for review, we are obligated to deny the application to withdraw. *Hill v. Pennsylvania Board of Probation and Parole*, 707 A.2d 1214, 1215-16 (Pa. Cmwlth. 1998). Thus, "counsel must fully comply with the procedures outlined in *Turner* to ensure that each of the [parolee's] claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless." *Hont v. Pennsylvania Board of Probation and Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Presently, Counsel has failed to address every issue raised by Parolee. Counsel styles his first question presented as: "Did the Board offend [Parolee's] right to due process of law in failing to make an individualized determination in his case and recalculating his maximum expiration date?" *Turner* Letter at 6. For reference, Parolee framed the issues as:

> GROUND A: Violation of due process and equal protection of the law, in that the legislative intent for [61 Pa. C.S. §6138(a)(2)-(2.1)], and therefore violating [37 Pa. Code §71.2[5]], which in this instant case denies this [Parolee] the right to life[,] liberty and the pursuit of

---

[5] In his Petition, Parolee alleges a violation of "Title 37 Pa. C.S.[] §71.2." Petition ¶6. Because Title 37 of our Consolidated Statutes refers to the History Code, *see* 37 Pa. C.S. §§101-906, we presume he intended to cite to Title 37 of the Pennsylvania Code, which governs Board procedures. *See* 37 Pa. Code §§61-79.

> happiness as guaranteed by both the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.
> GROUND B: Violation of the [Board's] duties and obligations to conduct an individualized assessment of the facts in regard[] to the facts surround[ing] the arrest and plea in the case matter filed by the United States Attorney General . . . which was charged as a violation of [18 U.S.C. §922(a)(6)].

Petition ¶6. In explaining why neither of these issues are meritorious, Counsel summarily states:

> First, [Parolee] waived his revocation hearing. He had a chance to present mitigating evidence that might affect the Board's determination of the amount of recommitment. He does [not] in his Petition set forth any specific factors that he would have raised with the Board. He had and did have the opportunity to seek review of the Board's determination. This satisfies the minimum requirement of administrative due process.

*Turner* Letter at 6.

Although the first issue presented by Parolee is admittedly difficult to understand, it relates to whether a due process or equal protection violation has occurred through the application of Section 6318(a)(2) and (2.1) of the Prisons and Parole Code, 61 Pa. C.S. §6318(a)(2) and (2.1) (authorizing the Board to recalculate a CPV's maximum term and to deny him credit for time spent at liberty on parole), and additionally whether this amounts to a violation of Section 71.2 of the Board's regulations, 37 Pa. Code §71.2 (detailing the procedure the Board is to follow when a parolee violates parole conditions). Yet, Counsel's explanation pertains solely to the waiver of his revocation hearing. By the same token, this analysis mischaracterizes Parolee's second issue as a due process violation when Parolee characterized it as the Board's violation of its own duties and obligations. Presumably, an adequate explanation for either issue raised would offer

7

constitutional, statutory, or regulatory analysis. At a minimum, it might offer a procedural explanation detailing why Parolee's claims are meritless. Here, however, Counsel's *Turner* Letter combines and confuses the first two issues presented by Parolee's Petition, while failing to provide Parolee with an adequate explanation for either. Because Counsel failed to address each issue raised by Parolee, there is no need to consider the merits of Parolee's third and fourth issues at this time. To conclude, we must reiterate that even here, where the issues presented may be inartful or frivolous, "it is still incumbent upon Counsel to include it in the [*Turner*] Letter and explain why it is meritless." *Zerby*, 964 A.2d at 962; *see also Hill*, 707 A.2d at 1216 ("Although we do not encourage or condone the pursuit of frivolous challenges, we will not tolerate the compromise of an individual's right to representation on appeal.").

Accordingly, we will not reach the merits of Parolee's Petition and must deny Counsel's Application without prejudice. We grant Counsel 30 days from the date of this Court's Order to either file a renewed application to withdraw, along with an amended *Turner* Letter addressing all of the claims raised in Parolee's Petition, or to submit a brief on the merits of the Petition.

_____
MICHAEL H. WOJCIK, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John J. Wilson, Jr., :
                 Petitioner :
                 :
       v. : No. 1136 C.D. 2022
                 :
Pennsylvania Parole Board, :
                 :
                 Respondent :

# O R D E R

AND NOW, this 26th day of April, 2024, the Application for Leave to Withdraw as Counsel filed by Henry J. Cancelmi, Esq. (Counsel), is hereby **DENIED** without prejudice. Counsel is granted thirty (30) days from the date of this Order to either file a renewed application to withdraw, along with an amended *Turner* Letter addressing all of the claims raised in the Petition for Review, or to submit a brief on the merits in support of the Petition for Review filed in the above-captioned matter.

Jurisdiction is retained.

_____
MICHAEL H. WOJCIK, Judge