IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel Yancey,                  :
                                 :
           Petitioner    :
                                 :
        v.                 : No. 951 C.D. 2023
                                 : Submitted:  October 8, 2024
Pennsylvania Parole Board,  :
                                 :
           Respondent :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK              FILED:  December 24, 2024

Joel Yancey (Parolee), a parolee confined at the State Correctional Institution (SCI) at Mahanoy, petitions for review of a decision of the Pennsylvania Parole Board (Board) denying his challenge to the Board Action recorded April 17, 2023, which recommitted Parolee as a convicted parole violator (CPV) and recalculated his maximum sentence date as January 22, 2025.  His counsel, Kent D. Watkins, Esq. (Counsel), filed an Application for Leave to Withdraw Appearance (Application), along with a no-merit letter (*Turner* Letter[1]), arguing that Parolee's

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

appeal is frivolous and without merit. We grant Counsel's Application and affirm the Board's decision.[2]

On February 7, 2017, Parolee pleaded guilty to and was incarcerated on charges for possessions of a controlled substance and resisting arrest. Certified Record (C.R.) at 1. Parolee was sentenced to serve up to three years and six months in a SCI, which mandated a controlling maximum date of August 7, 2020. *Id*. However, he was released on parole on July 3, 2018, with 766 days remaining on his sentence. *Id*. at 8.

Thereafter, on December 17, 2019, the Springettsbury Township Police Department arrested Parolee for carrying a firearm without a license. *See* C.R. at 18. The Board lodged a detainer against Parolee on the same day and subsequently recorded a Board Action on January 18, 2020, in which the Board ordered that Parolee be detained pending the disposition of his criminal charges. *Id*. at 14. However, the Board cancelled its detainer on August 7, 2020, as Parolee's original maximum sentence date had expired while still awaiting the disposition of his new criminal charges. *Id*. at 16. Parolee posted bail and was released from York County Prison; however, the Court of Common Pleas of York County revoked bail on April 1, 2021. *Id*. at 28, 58.

After pleading *nolo contendere*, Parolee was convicted on March 7, 2022, to serve up to 23 months of incarceration in York County Prison with credit for any time served. C.R. at 18. The Board verified this conviction on March 20, 2022. *Id*. at 28. However, beginning on March 30, 2022, the Board lost contact with

---

[2] "Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence." *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013) (citing Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704).

Parolee and, as a consequence, entered a detainer against Parolee in the National Crime Information Center on May 6, 2022. *Id*. at 29.

On December 18, 2022, the Allentown Police Department arrested Parolee on his outstanding warrant. C.R. at 29. Subsequently, on April 5, 2023, the Board held a revocation hearing at SCI-Mahanoy, during which Parolee acknowledged his conviction. *Id*. at 36. Because of Parolee's commission of an offense involving the possession of a weapon and Parolee's history of supervision failures, the Board denied Parolee credit for time spent at liberty on parole. *Id*. at 85. Ultimately, the Board recommitted Parolee as a CPV to serve 24 months of incarceration in a SCI, thereby yielding a new maximum sentence date of January 22, 2025. *Id*. at 89, 93.

On April 28, 2023, Parolee filed a counseled Administrative Remedies Form asserting that the Board abused its discretion by not awarding credit for time in good standing while on parole and the Board failed to award Parolee for all time served exclusively pursuant to the Board's warrant or while incarcerated. C.R. at 95.

In response, on August 18, 2023, the Board denied Parolee's request for administrative relief. C.R. at 97-99. In relevant part, the Board explained that its decision to award or deny credit for time at liberty on parole is a matter of discretion, so long as it explains its basis for doing so. *Id*. at 97 (citing Section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474 (Pa. 2017)). Regarding its recalculation, the Board explained that upon Parolee's July 3, 2018 release, he still owed 766 days on his original sentence. C.R. at 97. Because Parolee did not post bail prior to the expiration of his original

maximum sentence date, Parolee was not being held solely on the Board's detainer, such that Parolee was not entitled to credit toward his original sentence while awaiting the disposition of his new criminal charges. *Id*. at 98 (citing *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980)). The Board considered Parolee available to commence service on his original sentence on December 18, 2022 - the date he was returned to state custody. C.R. at 98. Therefore, the Board rendered Parolee's new maximum sentence date by "[a]dding 766 days to December 18, 2022[, which yielded] a recalculated maximum sentence date of January 22, 2025." *Id*.

On September 1, 2023, Parolee filed a counseled Petition for Review in this Court. Therein, Parolee again objects to the Board's failure to award for time he served exclusively to the Board's warrant and the Board's abuse of discretion in denying Parolee credit for time served at liberty on parole. Petition for Review ¶¶5-6. However, on January 25, 2023, Counsel filed the instant Application concluding that Parolee's appeal is frivolous. Application ¶5. Pursuant to *Turner*, Counsel sent a letter to this Court and to Parolee advising the same. *Id*. ¶6. In his *Turner* Letter, Counsel explains that "the record does not reveal any other issues that may be raised on [Parolee's] behalf" and that based on his "exhaustive examination of the certified record, and research of applicable caselaw . . . [Parolee's] appeal from the revocation of his parole has no basis in law or in fact and is, therefore, frivolous." *Turner* Letter at 7.

Where counsel is seeking to withdraw from representation of a parolee who challenges a parole revocation order, counsel must submit a *Turner* Letter to this Court detailing the "nature and extent" of counsel's review, listing each issue raised by the parolee, and explaining why counsel concluded that parolee's claim is

4

meritless.[3] *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (citing *Turner*, 544 A.2d at 928). Counsel's *Turner* Letter must substantively address each issue raised by the parolee, "rather than baldly stating that the claims are without merit." *Hughes*, 977 A.2d at 25 (citing *Hill v. Pennsylvania Board of Probation and Parole*, 707 A.2d 1214, 1215-16 (Pa. Cmwlth. 1998)). Procedurally, we must assess: (1) whether counsel notified the parolee of the request to withdraw; (2) whether counsel provided the parolee with a copy of the *Turner* Letter; and (3) whether counsel advised the parolee of his right to retain new counsel or file a brief on his own behalf. *Miskovitch*, 77 A.3d at 69. If counsel has satisfied these procedural requirements, the Court will then independently review the merits of the parolee's claims. *Zerby*, 964 A.2d at 960.

Presently, Counsel has complied with the requirements outlined in *Turner*. First, Counsel notified Parolee of his Application. Likewise, Counsel provided Parolee with a copy of the *Turner* Letter that substantively details Counsel's review of the matter and discusses why each issue Parolee wishes to have reviewed by the Court is meritless: (1) whether the Board awarded Parolee proper backtime credit; and (2) whether the Board failed to award appropriate credit for time Parolee spent at liberty on parole. Finally, Counsel advised Parolee of his right

---

[3] Per *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009), we have, in the past, distinguished between whether counsel must demonstrate that a parolee's appeal is "frivolous" or "without merit" before granting counsel leave to withdraw. *See Epps v. Pennsylvania Board of Probation and Parole*, 564 A.2d 214, 216 (Pa. Cmwlth. 1989) (requiring that counsel demonstrate the appeal is frivolous); *see also Frankhouser v. Pennsylvania Board of Probation and Parole*, 598 A.2d 607, 608 (Pa. Cmwlth. 1991) (requiring that counsel demonstrate the appeal is without merit). However, "[t]his Court has recently drawn little distinction between whether the case must be 'frivolous' or 'meritless' before counsel may withdraw." *Hughes*, 977 A.2d at 25.

to obtain new counsel or raise new issues he deems worthy of consideration. Thus, we turn to the merits of Parolee's Petition for Review.

First, Parolee contends that the Board abused its discretion by declining to award Parolee credit for time spent at liberty on parole. On that point, Section 6138(a)(2.1) of the Parole Code provides: "The [B]oard may, in its discretion, award credit to an offender recommitted . . . for the time spent at liberty on parole . . . ." 61 Pa. C.S. §6138(a)(2.1). In *Pittman*, 159 A.3d at 475, our Supreme Court explained that this provision of the Parole Code "unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of the sentence," so long as the Board provides a "contemporaneous statement explaining its rationale."

Here, according to the Board's decision, the Board declined to award Parolee with credit for time spent at liberty for two reasons: (1) the commission of Parolee's new offense involved a weapon; and (2) Parolee's history of supervision failures. C.R. at 94. In light of the Board's discretion and its proffered reasoning, we must disagree that the Board "abused" its discretion.

Next, Parolee asserts that the Board failed to award Parolee credit for all time served exclusively on its warrant. Section 6138(a)(2) of the Parole Code states, in pertinent part: "If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . ." 61 Pa. C.S. §6138(a)(2). In *Gaito*, 412 A.2d at 571, our Supreme Court clarified that when "a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." Here,

6

as the Board aptly explained, Parolee owed 766 days on his original sentence at the time of his release. Moreover, at the time of his August 7, 2020 release from York County Prison, Parolee's original maximum sentence had expired, such that the Board had cancelled its detainer and prior to his December 18, 2022 arrest, York County revoked Parolee's bail. Thus, upon return to custody, Parolee was held on both the Board's detainer and York County's warrant, *i.e.*, he was never held solely on the Board's detainer. Consequently, we discern no error in the Board's decision.

Accordingly, the Board's decision is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel Yancey,                          :
                                      :
              Petitioner              :
                                      :
       v.                             : No. 951 C.D. 2023
                                      :
Pennsylvania Parole Board,            :
                                      :
              Respondent              :

O R D E R

AND NOW, this 24th day of December, 2024, Kent D. Watkins, Esquire's application to withdraw as counsel is **GRANTED**, and the order of the Pennsylvania Parole Board dated August 18, 2023, is **AFFIRMED**.

_____
MICHAEL H. WOJCIK, Judge