614 A.2d 355

**Ronald WESLEY a/k/a James Hinton, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted June 26, 1992.

Decided Aug. 14, 1992.

Joseph J. Hylan, Acting Public Defender, for petitioner.
Robert Greevy, for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Ronald Wesley, a/k/a James Hinton, appealed from a parole revocation decision of the Pennsylvania Board of Probation and Parole recommitting him as a convicted parole violator. The Montgomery County Public Defender's office (Public Defender) represents Wesley in these proceedings. The Public Defender filed Wesley's initial petition for review and has subsequently filed a petition to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We find the Public Defender's *Anders* brief defective, deny the petition to withdraw without prejudice to refile and do not yet reach the merits of Wesley's appeal.

Counsel representing a recommitted parolee on appeal to this court has two procedural avenues to petition for withdrawal. Traditionally, counsel would file the petition to withdraw, notify the parolee of the request, furnish the parolee a copy of the *Anders* brief and advise the parolee of his right to retain new counsel or raise any new points deemed worthy of consideration. *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa.Commonwealth Ct. 586, 502 A.2d 758 (1985). Once the "court is satisfied that counsel's assessment of the appeal is correct, counsel has fully discharged her responsibility." *Strothers v. Pennsylvania Board of Probation and Parole*, 124 Pa.Commonwealth Ct. 1, 4, 554 A.2d 1017, 1018–19 (1989). The court then considers the merits of the appeal to determine whether it is wholly frivolous.

Alternatively, counsel may file a no-merit letter rather than an *Anders* brief. "The 'no-merit' letter must contain (1) the nature and extent of the counsel's review, (2) the issues petitioner wishes to raise, and (3) counsel's analysis in conclud-

ing petitioner's appeal to be frivolous." *Epps v. Pennsylvania Board of Probation and Parole,* 129 Pa.Commonwealth Ct. 240, 244, 129 Pa.Cmwlth. 240, 565 A.2d 214, 216 (1989) (citing, *Commonwealth v. Turner,* 518 Pa. 491, 494, 544 A.2d 927, 928 (1988)). Counsel has discharged their responsibility if they allege that the appeal is meritless, an allegation of frivolous appeal is not required. *Frankhouser v. Pennsylvania Board of Probation and Parole,* [143] Pa.Commonwealth Ct. at [80], 598 A.2d at 607 (1991). Once a counsel has complied with the requirements of a no-merit letter, the court will "make an independent evaluation of the proceedings before the board to determine whether [parolee/petitioner's] appeal is meritless." *Frankhouser,* 143 Pa.Commonwealth Ct. at 83, 598 A.2d at 608–09 (1991).

Both *Epps* and *Strothers* are clear that the court does not reach an examination of the merits of the appeal until it is satisfied that counsel has discharged its responsibility in complying with the technical requirements of an *Anders* brief or a no-merit letter. Our Supreme Court has expressly stated the minimum requirements of counsel's analysis in a no-merit letter and the relationship of a such a letter to an *Anders* brief. Counsel must present "each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless;" the requirements of a no-merit letter are less rigorous than the tortuous procedures required under *Anders. Turner,* 518 Pa. at 494–95, 544 A.2d at 928–29 (1988); *see also Frankhouser,* 143 Pa.Commonwealth Ct. at 80–83, 598 A.2d at 608 (1991). Thus, if a no-merit letter requires less than an *Anders* brief, an *Anders* brief must contain at a minimum, the list of issues raised by petitioner and explanation of why *those* issues are meritless that is required of a no-merit letter.

Measured by this standard, the brief filed by the Public Defender does not discharge its responsibility in this case. Wesley's petition for review raises four issues:

A. The Board erred in the computation of backtime.

B.    That the decision did not address the lack of a hearing date for the June 5, 1991 warrant which the petitioner was appealing.

C.    That the files correctly reflect that the parolees' (sic) true name is Ronald Wesley under which name he was sentenced.

D.    The Board incorrectly extended (sic) of petitioner's reparole date.

(Petition for Review, filed 11/1/91, Par. 5). The *Anders* brief filed by the Public defender only addresses the allegations of erroneous computation of backtime and the incorrect name used. There is no listing of the lack of hearing claim nor the incorrect extension of reparole date claim. Any analysis of the merits of those issues is likewise absent. This silence is especially puzzling because the Public Defender prepared the petition for review in this case.

We conclude that the Public Defender has not discharged its responsibility because its *Anders* brief is facially defective. This defect requires that we deny the petition to withdraw, that denial ends the present proceeding before we embark upon an independent examination of the merits of Wesley's appeal.

Petition to withdraw as counsel denied without prejudice to refile.


ORDER


NOW, August 14, 1992, the petition to withdraw as counsel in this case filed by the Montgomery County Public Defender is denied without prejudice to refile.