# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juban L. Durham,                          :
          Petitioner                :
                                    :
          v.                        :    No. 1338 C.D. 2016
                                    :    Submitted: June 23, 2017
Pennsylvania Board of Probation           :
and Parole,                               :
          Respondent                :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**              **FILED:  October 11, 2017**

         Before this Court is the petition of Juban L. Durham for review of a determination of the Pennsylvania Board of Probation and Parole (Board), which dismissed Durham's petition for administrative review of a February 5, 2016 decision by the Board rejecting Durham's request for backtime[1] credit for periods he resided in a community corrections center and a community corrections facility while on parole.  Also before this Court is the petition of Joshua M. Yohe, Esq., of the Cumberland County Public Defender's Office (Counsel), for leave to withdraw as counsel for Durham on the grounds that the petition for review is without merit.

---

[1] "'Backtime' is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016).

Because we conclude that Counsel has not satisfied the technical requirements for withdrawal as appointed counsel for a parolee contesting a recommitment decision, we deny the petition for leave to withdraw without prejudice and do not reach the merits of the petition for review.

On November 5, 2007, Durham was released on parole from the State Correctional Institution (SCI) at Forest; at the time of his release, Durham had a parole violation maximum date of November 4, 2010 based on a 3-to-6 year sentence imposed by the Court of Common Pleas of Dauphin County in 2004. (Certified Record (C.R.) 1, 4-10.) Durham was initially paroled to the Gaudenzia-Sienna House facility, a community corrections facility, but following an assault of another resident at the facility, he was transferred to the Wernersville Penn Cap program on December 4, 2007. (C.R. 4, 7, 9-10, 12.) Durham completed the Penn Cap program, and he was transferred to the Capitol Pavilion program on March 3, 2008. (C.R. 12.) Durham was discharged from Capitol Pavilion program to a transitional living program on June 5, 2008. (*Id.*)

On October 21, 2008, the Board declared Durham delinquent effective October 10, 2008 based on his failure to make regular reports. (C.R. 11-12.) On January 11, 2009, the Harrisburg City Police Department notified the Board that it had arrested Durham. (C.R. 12, 14.) On January 14, 2009, the Board issued a Warrant to Commit and Detain Durham based on technical parole violations. (C.R. 14-15.) By a decision mailed on February 20, 2009, the Board recommitted Durham as a technical parole violator to serve 12 months backtime and set his parole violation maximum date as February 5, 2011. (C.R. 25.)

On May 10, 2010, Durham was reparoled from SCI-Forest to the Harrisburg Community Corrections Center (Harrisburg CCC) where he remained

2

until August 12, 2010.  (C.R. 26-32, 168, 207.)  Durham was declared delinquent by the Board on July 29, 2010 based on his departure from the facility without staff permission.  (C.R. 33, 35.)

On April 19, 2012, Durham was arrested by the Harrisburg City Police Department and charged with offenses related to the possession and distribution of controlled substances.  (C.R. 46-47, 66-74.)  On that same day, the Board issued a Warrant to Commit and Detain Durham related to the new charges.  (C.R. at 34.)  Following a hearing, the Board issued a notice of decision on June 15, 2012 notifying Durham that he was being detained pending the disposition of his criminal charges, recommitting him as a technical parole violator to serve his unexpired term of 6 months and 7 days and setting his parole violation maximum date as October 27, 2012.  (C.R. at 93-94.)

On July 9, 2013, Durham pleaded guilty in the Court of Common Pleas of Dauphin County to one count of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance,[2] and he was sentenced to a term of confinement of 4 to 10 years.  (C.R. 77, 79.)  By a decision mailed on January 27, 2014, the Board recommitted Durham as a convicted parole violator to serve his unexpired term of 1 year, 1 month and 25 days and recalculated his parole violation maximum date as January 3, 2015.  (C.R. 108-11.)

On July 17, 2015, an evidentiary hearing was held before a hearing examiner to determine whether Durham was entitled to credit for the period from December 4, 2007 to March 3, 2008 when he resided in the Wernersville Penn Cap program and the period from March 3, 2008 to June 5, 2008 when he resided in the

---

[2] Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30).

3

Capitol Pavilion program. (C.R. 112-13, 120-57.) The hearing examiner determined that Durham was entitled to credit for the Wernersville Penn Cap period but not entitled to credit for the Capitol Pavilion period. (C.R. 115-19.) By a decision mailed on October 15, 2015, the Board adopted the hearing examiner's determination regarding credit and recalculated Durham's parole violation maximum date as October 5, 2014. (C.R. 158-62.)

A second evidentiary hearing was held on October 22, 2015 to determine whether Durham was entitled to credit for the period from November 5, 2007 to December 4, 2007 when he resided in the Gaudenzia-Sienna House facility and for the period from May 10, 2010 to August 12, 2010 when he resided in the Harrisburg CCC. (C.R. 163, 171-205.) The hearing examiner determined that Durham was not entitled to credit for either period. (C.R. 165-70.) This determination was adopted by the Board in a decision mailed on February 5, 2016. (C.R. 206-08.)

On February 10, 2016, Durham submitted an Administrative Remedies Form, in which he argued that the Board erred in concluding that he did not meet his burden at the October 22, 2015 evidentiary hearing of showing that he was entitled to credit towards his backtime. (C.R. 227.) On April 21, 2016, the Board mailed a response to Durham in which it stated that the appeal panel agreed with the Board's conclusion that he was not entitled to credit for the period when he resided at the Gaudenzia-Sienna House and Harrisburg CCC. (C.R. 231.)

Durham filed with this Court a *pro se* petition for review of the Board's dismissal of his administrative appeal. Durham also filed an application to proceed *in forma pauperis*; by a September 7, 2016 *per curiam* order, this Court granted Durham permission to proceed *in forma pauperis* and appointed the Cumberland

4

County Public Defender to represent him in this matter. On March 16, 2017, Counsel filed the petition for leave to withdraw as counsel for Durham and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988).

When evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, this Court must first determine whether counsel has satisfied the technical requirements of: (i) notifying the inmate of the request to withdraw; (ii) furnishing the inmate with a copy of a no-merit letter or a brief satisfying the requirements of *Anders v. California*, 386 U.S. 738 (1967);[3] and (iii) advising the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758, 760 (Pa. Cmwlth. 1985); *see also Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-25 (Pa. Cmwlth. 2009) (*en banc*); *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992). Only once appointed counsel has fully complied with the technical requirements for withdrawal will the court independently evaluate the proceedings before the Board to determine whether

---

[3] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Alternatively, where the parolee has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a *Turner* no-merit letter instead of an *Anders* brief; a no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. *Turner*, 544 A.2d at 928; *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43 & n.4 (Pa. Cmwlth. 2010); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*). Durham has only a statutory right to counsel, and therefore only a no-merit letter is required. *Seilhamer*, 996 A.2d at 42 n.4; *Hughes*, 977 A.2d at 25-26.

the appeal is frivolous or without merit. *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998); *Hont v. Pennsylvania Board of Probation and Parole,* 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (*en banc*); *Wesley*, 614 A.2d at 356.

We conclude that Counsel has failed to satisfy the requirement that he furnish Durham with a copy of the no-merit letter filed with the Court. Counsel filed a petition for leave to withdraw as counsel on March 16, 2017, which contains a certificate of service. On the same day, Counsel separately filed a no-merit letter, detailing the relevant facts of the case and explaining Counsel's reasons for withdrawal. The no-merit letter is addressed to this Court rather than Durham, and there is no indication on the face of the letter that Counsel ever served it on Durham. Furthermore, Counsel did not file a certificate of service for the no-merit letter. Thus, there is no evidence before the Court that Counsel ever informed Durham of his reason for seeking leave to withdraw.

We also conclude that Counsel did not meet the technical requirements for withdrawal from representation because his no-merit letter did not adequately explain his reasons for withdrawal. In a no-merit letter or an *Anders* brief submitted in support of a petition for leave to withdraw, counsel must not only state his conclusion that the appeal is frivolous or without merit but must also conduct an analysis explaining *why* each issue the petitioner seeks to raise on appeal is frivolous or without merit. *Turner*, 544 A.2d at 928; *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 43-44 & n.5 (Pa. Cmwlth. 2010); *Jefferson*, 705 A.2d at 514. In this matter, Counsel adequately explained that Durham waived all of the arguments in his petition for review that were not addressed by the February 5, 2016 Board decision under review and that were not raised in his February 10,

6

2016 administrative appeal. However, Counsel did not sufficiently explain why the issues that Durham did preserve for review – his argument that he is entitled to backtime credit for the periods he spent in the Gaudenzia-Sienna House and Harrisburg CCC – lacked merit.[4] Instead, the no-merit letter contains only one sentence stating that "undersigned counsel can find no error in the Board's determination to challenge on appeal on behalf of Mr. Durham." (March 13, 2017 Letter at 2.) The letter also cites our decision in *Medina v. Pennsylvania Board of Probation and Parole,* 120 A.3d 1116 (Pa. Cmwlth. 2015) (*en banc*), which sets forth the burden of proof that a parolee must satisfy to show that he was entitled to backtime credit for time spent in a community corrections center or community corrections facility, but does not contain any explanation by Counsel as to why he believes Durham failed to satisfy this standard. Without any such explanation, Counsel has failed to discharge his duties pursuant to *Turner. Compare Seilhamer*, 996 A.2d at 44 (holding that appointed counsel had not satisfied the technical requirements of a no-merit letter because there was no explanation or analysis supporting counsel's conclusion that the issue that the petitioner sought to raise on appeal was without merit); *Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1249 (Pa. Cmwlth. 2003) (holding that counsel's failure to provide sufficient legal analysis to support the conclusion in his *Anders* brief that the Board properly denied the petitioner credit for time at liberty on parole precluded the Court

---

[4] Despite the fact that Durham's parole violation maximum date lapsed on October 5, 2014 and he appears to have served the remainder of his backtime, the issues Durham raised in his petition for review related to his entitlement to backtime credit do not appear to be moot because Durham was required to serve the backtime on his original 2004 sentence prior to serving the 4-to-10 year sentence imposed in 2013, *see* 61 Pa. C.S. § 6138(a)(5)(i), and any decision that would reduce the amount of backtime he was required to serve would reduce the amount of time he would be required to serve on his new sentence.

from undertaking "our own independent evaluation, no matter that even with cursory research, we could find that the appeal was frivolous"); *Jefferson*, 705 A.2d at 514 (holding that counsel's "cursory explanation, with no analysis to support his conclusions nor any citation to the record[,]" of counsel's conclusion that the petitioner's parole violation maximum date was calculated correctly did not "meet the requirement that the 'no merit letter' provide 'analysis' of [the petitioner]'s allegedly frivolous claims").

Counsel therefore has failed to meet the requirements for withdrawal and this Court will not address the merits of Durham's appeal. Accordingly, we deny Counsel's petition for leave to withdraw, with leave to refile.


_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juban L. Durham, :
            Petitioner :
             :
            v. : No. 1338 C.D. 2016
             :
Pennsylvania Board of Probation : 
and Parole, :
            Respondent :

## O R D E R

AND NOW, this 11th day of October, 2017, the petition for leave to withdraw as counsel filed by Joshua M. Yohe, Esq., in the above-captioned matter is hereby DENIED without prejudice. Counsel is granted leave to refile the petition for leave to withdraw as counsel within thirty (30) days from the date of this Order with a supporting brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter. Counsel is further directed to file a certificate of service demonstrating service of a copy of such re-filed petition for leave to withdraw and *Anders* brief or no-merit letter on Petitioner Juban L. Durham. If Counsel concludes, upon reconsideration, that the above-captioned appeal is not frivolous, Counsel shall submit a brief on the merits of the appeal within thirty (30) days of the date of this Order. Consideration of the merits of the petition for review is deferred until Counsel files a new petition for leave to withdraw or a brief on the merits of the appeal.

**JAMES GARDNER COLINS, Senior Judge**