# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juban L. Durham,                :
            Petitioner           :
                                      :
            v.                       :    No. 1338 C.D. 2016
                                      :    Submitted: December 1, 2017
Pennsylvania Board of Probation     :
and Parole,                         :
            Respondent        :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED: January 5, 2018**

Before this Court is the petition of Juban L. Durham for review of a determination of the Pennsylvania Board of Probation and Parole (Board) that dismissed Durham's petition for administrative review of a February 5, 2016 decision by the Board rejecting Durham's request for backtime[1] credit for time in which he resided in a community corrections center (CCC) and a community corrections facility (CCF)[2] while on parole. Also before this Court is the second

---

[1] "'Backtime' is the portion of a judicially imposed sentence that a parole violator must serve as a consequence of violating parole before he is eligible for re-parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 162 n.1 (Pa. Cmwlth. 2016).

[2] The Department houses recently paroled parolees at both CCCs and CCFs; the primary distinction between the two types of facilities is that the Department of Corrections operates CCCs directly while the Department contracts with private parties to operate CCFs. 61 Pa. C.S. §§ 5001–

application of Joshua M. Yohe, Esq., of the Cumberland County Public Defender's Office (Counsel), for leave to withdraw as counsel for Durham on the grounds that the petition for review is without merit.  For the following reasons, we grant Counsel's application for leave to withdraw and affirm the determination of the Board.

Durham filed a *pro se* petition for review challenging the Board's dismissal of his administrative appeal on August 8, 2016, and later filed an application to proceed *in forma pauperis*.  By a September 7, 2016 *per curiam* order, this Court granted Durham permission to proceed *in forma pauperis* and appointed the Cumberland County Public Defender to represent him in this matter.  Counsel filed his initial application for leave to withdraw as counsel for Durham and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988), on March 16, 2017.  Upon review of Counsel's initial application, this Court concluded that Counsel did not satisfy the procedural requirements for withdrawal because Counsel did not serve the no-merit letter on Durham.  Furthermore, we determined that Counsel did not meet the requirements for withdrawal because his no-merit letter did not sufficiently analyze the issues Durham sought to raise on appeal in his petition for review.  Therefore, we denied Counsel's application for leave to withdraw without prejudice and granted Counsel 30 days to either file an amended application, along with a no-merit letter or an *Anders* brief[3] that adequately addressed each of the issues raised by Durham, or to submit a brief on the merits if Counsel determined upon reconsideration that Durham's appeal was not without

5003; *Medina v. Pennsylvania Board of Probation and Parole,* 120 A.3d 1116, 1126 (Pa. Cmwlth. 2015) (*en banc*) (Pelligrini, S.J., dissenting).

[3] *See Anders v. California*, 386 U.S. 738 (1967).

merit. *See Durham v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 1338 C.D. 2016, filed October 11, 2017). On November 14, 2017, Counsel filed a second application for leave to withdraw and a revised no-merit letter.

When evaluating an application for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, this Court must first determine whether counsel has satisfied the technical requirements of: (i) notifying the inmate of his request to withdraw; (ii) furnishing the inmate with a copy of the *Anders* brief or a no-merit letter; and (iii) advising the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-25 (Pa. Cmwlth. 2009) (*en banc*); *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992). Only once appointed counsel has fully complied with the technical requirements for withdrawal will the court independently evaluate the proceedings before the Board to determine whether the appeal is frivolous or without merit. *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998); *Hont v. Pennsylvania Board of Probation and Parole,* 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (*en banc*); *Wesley*, 614 A.2d at 356.

We conclude that Counsel's submission of a second application for leave to withdraw and no-merit letter satisfy the technical requirements for withdrawal. Counsel's no-merit letter adequately summarizes the procedural history and relevant facts of this case. In addition, the no-merit letter sufficiently explains Counsel's conclusion that Durham was not entitled to backtime credit for the periods he spent in the Harrisburg Community Corrections Center (Harrisburg CCC) and Gaudenzia-Sienna House, a CCF, and that Durham waived all other issues raised in

3

his petition for review because those issues were not addressed in the determination under appeal. Furthermore, Counsel filed a certificate of service indicating that he served the application for leave to withdraw and no-merit letter by first-class mail on Durham, thus satisfying the requirements that Counsel notified Durham of his request to withdraw and furnished him with a document listing Counsel's reasons for seeking leave to withdrawal.

Because Counsel has satisfied the technical requirements for withdrawal, we next independently evaluate the proceedings before the Board to determine whether the appeal is meritless.[4] *Dear v. Pennsylvania Board of Probation and Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996); *Frankhouser v. Pennsylvania Board of Probation and Parole*, 598 A.2d 607, 608-09 (Pa. Cmwlth. 1991).

In our earlier decision in this case, we summarized the relevant factual background as follows:

> On November 5, 2007, Durham was released on parole from the State Correctional Institution (SCI) at Forest; at the time of his release, Durham had a parole violation maximum date of November 4, 2010 based on a 3-to-6 year sentence imposed by the Court of Common Pleas of Dauphin County in 2004. (Certified Record (C.R.) 1, 4-10.) Durham was initially paroled to the Gaudenzia-Sienna House facility, a community corrections facility, but following an assault of another resident at the facility, he was transferred to the Wernersville Penn Cap program on December 4, 2007. (C.R. 4, 7, 9-10, 12.) Durham completed the Penn Cap program, and he was transferred to the Capitol Pavilion program on March 3, 2008. (C.R. 12.) Durham

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

4

was discharged from Capitol Pavilion program to a transitional living program on June 5, 2008. (*Id.*)

On October 21, 2008, the Board declared Durham delinquent effective October 10, 2008 based on his failure to make regular reports. (C.R. 11-12.) On January 11, 2009, the Harrisburg City Police Department notified the Board that it had arrested Durham. (C.R. 12, 14.) On January 14, 2009, the Board issued a Warrant to Commit and Detain Durham based on technical parole violations. (C.R. 14-15.) By a decision mailed on February 20, 2009, the Board recommitted Durham as a technical parole violator to serve 12 months backtime and set his parole violation maximum date as February 5, 2011. (C.R. 25.)

On May 10, 2010, Durham was reparoled from SCI-Forest to the Harrisburg Community Corrections Center (Harrisburg CCC) where he remained until August 12, 2010. (C.R. 26-32, 168, 207.) Durham was declared delinquent by the Board on July 29, 2010 based on his departure from the facility without staff permission. (C.R. 33, 35.)

On April 19, 2012, Durham was arrested by the Harrisburg City Police Department and charged with offenses related to the possession and distribution of controlled substances. (C.R. 46-47, 66-74.) On that same day, the Board issued a Warrant to Commit and Detain Durham related to the new charges. (C.R. at 34.) Following a hearing, the Board issued a notice of decision on June 15, 2012 notifying Durham that he was being detained pending the disposition of his criminal charges, recommitting him as a technical parole violator to serve his unexpired term of 6 months and 7 days and setting his parole violation maximum date as October 27, 2012. (C.R. at 93-94.)

On July 9, 2013, Durham pleaded guilty in the Court of Common Pleas of Dauphin County to one count of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver a Controlled Substance, [Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780-113(a)(30),] and he was sentenced to a term of confinement of 4 to 10 years. (C.R. 77, 79.) By a decision mailed on January 27, 2014, the Board recommitted Durham as a convicted parole violator to serve his unexpired term of 1 year, 1 month and 25 days and recalculated his parole violation maximum date as January 3, 2015. (C.R. 108-11.)

On July 17, 2015, an evidentiary hearing was held before a hearing examiner to determine whether Durham was entitled to credit for the period from December 4, 2007 to March 3, 2008 when he resided in the Wernersville Penn Cap program and the period from March 3, 2008 to June 5, 2008 when he resided in the Capitol Pavilion program. (C.R. 112-13, 120-57.) The hearing examiner determined that Durham was entitled to credit for the Wernersville Penn Cap period but not entitled to credit for the Capitol Pavilion period. (C.R. 115-19.) By a decision mailed on October 15, 2015, the Board adopted the hearing examiner's determination regarding credit and recalculated Durham's parole violation maximum date as October 5, 2014. (C.R. 158-62.)

A second evidentiary hearing was held on October 22, 2015 to determine whether Durham was entitled to credit for the period from November 5, 2007 to December 4, 2007 when he resided in the Gaudenzia-Sienna House facility and for the period from May 10, 2010 to August 12, 2010 when he resided in the Harrisburg CCC. (C.R. 163, 171-205.) The hearing examiner determined that Durham was not entitled to credit for either period. (C.R. 165-70.) This determination was adopted by the Board in a decision mailed on February 5, 2016. (C.R. 206-08.)

On February 10, 2016, Durham submitted an Administrative Remedies Form, in which he argued that the Board erred in concluding that he did not meet his burden at the October 22, 2015 evidentiary hearing of showing that he was entitled to credit towards his backtime. (C.R. 227.) On April 21, 2016, the Board mailed a response to Durham in which it stated that the appeal panel agreed with the Board's conclusion that he was not entitled to credit for the period when he resided at the Gaudenzia-Sienna House and Harrisburg CCC. (C.R. 231.)

*Durham*, slip op. at 2- 4.

Durham raises five issues in his petition for review. Four of the five issues relate to requests for credit for periods in which he was a resident at Gaudenzia-Sienna House, Harrisburg CCC and the Capitol Pavilion program and for a one-day period in which he resided at Keystone Correctional from July 28, 2010

6

to July 29, 2010.  In the fifth issue, Durham challenges the extension of his parole violation maximum date as violating due process, separation of powers principles and being in conflict with Section 6138 of the Prisons and Parole Code, 61 Pa. C.S. § 6138.  However, the only two of these issues that were raised in his administrative appeal were the denials of his credit requests for periods at which he resided at Gaudenzia-Sienna House and Harrisburg CCC.[5]  Issues that are not raised before the Board are waived and cannot be considered for the first time on appeal.  Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a); *Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012).  Therefore, Durham's arguments that he was entitled to credit for periods he spent at the Capitol Pavilion program and Keystone Correctional and his challenge to the extension of his parole violation maximum date are waived.

With respect to Durham's requests for credit for his time at Gaudenzia-Sienna House and Harrisburg CCC,[6] in *Cox v. Board of Probation and Parole*, 493 A.2d 680 (Pa. 1985), our Supreme Court held that a parolee who agrees to attend an inpatient treatment program as a condition of parole is presumed to be "at liberty on parole" and therefore the parolee has the burden of proving that the restrictions on his liberty were the "equivalent of incarceration" such that he should be entitled to

---

[5] As discussed above, Durham did request backtime credit for the period he resided at the Capitol Pavilion program, and the Board issued a decision on October 15, 2015 concluding that Durham did not meet his burden of proof to show that he was entitled to credit for his time at Capitol Pavilion.  However, Durham did not file an administrative appeal challenging that decision.

[6] Despite the fact that Durham's parole violation maximum date lapsed on October 5, 2014 and he appears to have served the remainder of his backtime, the issues Durham raised in his petition for review related to award of backtime credit do not appear to be moot because Durham was required to serve the backtime on his original 2004 sentence prior to serving the 4-to-10 year sentence imposed in 2013, *see* 61 Pa. C.S. § 6138(a)(5)(i), and any decision that would reduce the amount of backtime he was required to serve would give him credit toward his new sentence and reduce the minimum and maximum dates he would be required to serve on the new sentence.

credit for time spent in the program. *Id*. at 681, 683. In *Medina v. Pennsylvania Board of Probation and Parole,* 120 A.3d 1116 (Pa. Cmwlth. 2015) (*en banc*), an *en banc* panel of this Court stated that parolees bear a heavy burden to show that the restrictions on their liberty during time spent in CCCs, CCFs and inpatient treatment programs are the equivalent of incarceration. *Id*. at 1119-25. The Court explained that the "most important factors in determining whether a program is sufficiently restrictive so as to be the equivalent of incarceration are *whether the resident is locked in and whether the resident may leave without being physically restrained*." *Id*. at 1120-21 (quoting *Figueroa v. Pennsylvania Board of Probation and Parole,* 900 A.2d 949, 952 (Pa. Cmwlth. 2006)) (emphasis in original). Concluding that the Board's decision was supported by the record, the Court in *Medina* affirmed the Board's determination that the parolee did not meet his burden of proof that the period in which he stayed at a CCF was the equivalent of incarceration. *Id*. at 1121.

In this matter, an evidentiary hearing was held on October 22, 2015 at which Durham, who was represented by counsel at the hearing, testified regarding the conditions at Gaudenzia-Sienna House and Harrisburg CCC when he resided at those facilities. (C.R. 177-85, 193-98.) In addition, the directors of each of these facilities testified at the hearing. (C.R. 186-90, 198-202.) Following the evidentiary hearing, the hearing examiner found that there was no fencing around either facility, staff members at the facilities did not possess handcuffs and weapons and could not detain residents who sought to leave, parolees could obtain passes to leave the facilities and parolees who left the facilities would not be charged with escape but instead be declared an absconder. (C.R. 168-69.) The hearing examiner accordingly determined that Durham did not meet his burden of demonstrating that he was entitled to credit for periods in which he resided at Gaudenzia-Sienna House and

Harrisburg CCC. (C.R. 170.) These findings and conclusions were adopted by the Board in its February 5, 2016 decision. (C.R. 206-08.) Our review shows that the Board's findings are well supported by the record established at the evidentiary hearing, particularly by Durham's own testimony.[7] Therefore, any argument that the Board erred or abused its discretion in denying Durham credit for the periods in which he resided at Gaudenzia-Sienna House and Harrisburg CCC is without merit.

Accordingly, we grant Counsel's application for leave to withdraw as counsel and affirm the determination of the Board.

_____
**JAMES GARDNER COLINS, Senior Judge**

---

[7] Durham testified that there were no fences around the Harrisburg CCC facility, he was permitted to leave by pass for the day and he could exit the facility simply by pushing the bar on the front door and walking away from the facility. (C.R. 179-81, 185.) Regarding Gaudenzia-Sienna House, Durham testified that he was able to obtain passes to leave for work and family visits, he could exit the facility by walking out the main door, there were no wire fences or other enclosures surrounding the facility, the staff did not carry handcuffs or weapons and that if he left the facility without permission, the staff would notify the Department of Corrections rather than the police. (C.R. 194-98.)

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juban L. Durham,                                     :
                Petitioner          :
                         :
            v.                            :   No. 1338 C.D. 2016
                         :
Pennsylvania Board of Probation      :
and Parole,                                          :
                Respondent        :

## O R D E R

AND NOW, this 5th day of January, 2018, the second application for leave to withdraw as counsel filed by Joshua M. Yohe, Esq., in the above-captioned matter is hereby GRANTED and the determination of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**