Joseph Jay,                             :

                 Petitioner           :

                            :    No. 1272 C.D. 2019

            v.                   :

                            :    Submitted: May 1, 2020

Pennsylvania Board of            :

Probation and Parole,            :

                 Respondent      :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE J. ANDREW CROMPTON, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED: January 12, 2021

Victoria H. Vidt, Esquire (Counsel), Assistant Public Defender of the Allegheny County Public Defender's Office, petitions this Court to withdraw as counsel on behalf of Petitioner, Joseph Jay (Jay). Jay petitions for review of the order of the Pennsylvania Board of Probation and Parole (Board),[1] mailed on August 30, 2019, which determined that Jay knowingly and voluntarily waived his rights and admitted to violating two conditions of his parole, resulting in his maximum date being recalculated to add three days. Upon review, we deny, without prejudice, Counsel's petition to withdraw.

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

On April 19, 1994, Jay was found guilty, in the Allegheny County Court of Common Pleas, of murder in the third degree[2] and carrying a firearm without a license,[3] which resulted in a sentence range of 12½ to 25 years' incarceration. (Certified Record (C.R.) at 1-3.) Following his original sentence, Jay was first paroled on March 12, 2007. (C.R. at 17.) However, the relevant period of parole for the purpose of this decision began on July 20, 2015, with Jay being released officially on September 8, 2015. (C.R. at 4-7.) Jay was given conditions governing his parole, which he signed. (C.R. at 8-11.) According to Jay's lengthy supervision history, he was transferred to Kintock-Erie, a community corrections center, on November 11, 2017, to be supervised. (C.R. at 19.) On April 11, 2018, Jay was released from Kintock-Erie to an approved home plan; however, on June 13, 2018, he was arrested by the Philadelphia Police Department on new criminal charges and was transferred to a State Correctional Institution (SCI) on June 18, 2018. (C.R. at 20.) On November 28, 2018, Jay negotiated a plea to a summary offense and reported back to Kintock-Erie on December 14, 2018. *Id.* Most relevantly, Jay absconded from Kintock-Erie on April 26, 2019. *Id.* On April 29, 2019, the Board executed a wanted notice request against Jay, issued a warrant to commit and detain him, and on April 30, 2019, declared him delinquent as of April 26, 2019. (C.R. at 12-14.) That same day, Jay was arrested in Allegheny County by the Whitehall Police Department. (C.R. at 20.)

On May 1, 2019, the Board executed a Technical Violation Arrest Report, which indicated that Jay committed three technical violations of his parole. (C.R. at 16.) The report also suggested that Jay be detained and recommitted as a technical

---

[2] 18 Pa.C.S. §2502(c).

[3] 18 Pa.C.S. §6106.

parole violator (TPV). *Id*. On May 2, 2019, Jay was notified of the charges against him in regard to his technical parole violations and was notified that a preliminary hearing was to take place on May 10, 2019. (C.R. at 24.) The notice reflects that first, Jay was charged with violating the first condition of his parole which required him to "report in person or in writing within 48 hours to the district office or sub-office and not [to] leave that district without prior written permission of the parole supervision staff." (C.R. at 23.) In support, the Board explained that "[Jay] was arrested on April 29, 2019, by Whitehall Police in Allegheny County and did not have permission to leave the Philadelphia District." *Id*.

Second, Jay was charged with violating the second condition of his parole which states that his "approved residence is listed as [Kintock-Erie, 301 East Erie Avenue, Philadelphia, Pennsylvania 19134,] and may not be changed without the written permission of the parole supervision staff." *Id*. In support of the charge, the Board stated that "on April 26, 2019, [Jay] changed [his] approved residence and did not have permission from parole supervision staff to change this residence." *Id*.

Third, Jay was charged with violating the seventh condition of his parole which states, in relevant part, that "effective [December 14, 2018], [Jay] will enter Kintock-Erie [and] will abide by all conditions imposed by the center staff and all conditions imposed by the parole supervision staff. Anything other than successful discharge is a violation of your parole." *Id*. In support, the Board maintained that "on [April 26, 2019, Jay was] unsuccessfully discharged from Kintock-Erie for not returning that day or any day thereafter." *Id*. That same day, Jay executed an acknowledgement of his rights at Board hearings. (C.R. at 24.)

On May 13, 2019, another notice of charges and Hearing was executed.[4] That same day, Jay signed another acknowledgement of his rights at Board hearings, which indicated that the Board had established probable cause as to the alleged technical parole violations. (C.R. at 28.) The record also reflects that on May 13, 2019, Jay executed a "waiver of violation hearing and counsel/admission form." (C.R. at 27.) This waiver form indicated that Jay was advised of his right to have a preliminary hearing, a violation hearing, and counsel at those hearings, and that there is no penalty for requesting counsel, and that counsel is available for free if he cannot afford counsel. *Id.* The waiver form also demonstrated that Jay, with "full knowledge and understanding of these rights . . . waive[d his] right to a preliminary hearing, a violation hearing, and counsel at those hearings [and did so of his] own free will, without any promise, threat or coercion;" and he "knowingly, voluntarily, and willingly admit[ted] to the violation(s) listed above, [and understood and agreed] that this admission is binding and may only be withdrawn if [he submitted] a written withdrawal to [his] supervising agent within ten (10) calendar days of the date written above." *Id.*

The Board's violation hearing report reflects that Jay waived the hearing, waived counsel, and admitted/acknowledged all information contained within the notice of charges. (C.R. at 29-31.) The hearing report states that the evidence, as reflected in the waiver forms, supported the conclusion that Jay violated the second and seventh conditions of his parole, and as a result he was to be placed, as a TPV, in an SCI or county jail due to the fact that he had absconded two times in the past, is considered a threat to public safety, and has demonstrated unmanageable behavior. (C.R. at 31-33.) With regard to the violation portion of the decision, the hearing report reflects that Jay was to be recommitted as a TPV to serve six months in an SCI or

---

[4] This notice appears to have the same information as the May 2, 2019 notice. (C.R. at 25.)

county jail. (C.R. at 33.) The hearing report states that the reason for this decision was due to Jay's poor adjustment under supervision, his failure to comply with sanctions, his declaration of delinquency by the Board, his prior parole failures, and his lack of amenability to parole supervision. (C.R. at 34.) The hearing examiner signed and approved the report on May 24, 2019, and a Board member signed and approved the decision on June 1, 2019.[5] (C.R. at 40.)

By Board action, recorded on June 4, 2019, Jay was recommitted as a TPV to serve six months' backtime for violating the second condition of his parole by changing his residence without permission, and the seventh condition of his parole by failing to successfully complete the program he was enrolled in at Kintock-Erie. (C.R. at 41.) As such, the Board's order to recommit reflects that Jay was recommitted to SCI-Somerset, as a TPV, and that his original maximum date of April 26, 2020, was to be recalculated to April 29, 2020, as a result of the three days he was delinquent from April 26, 2019, to April 29, 2019, *i.e.*, the date he absconded to the date of his arrest. (C.R. at 44.)

Jay appealed the decision, raising numerous issues, via an administrative remedies form. (C.R. at 47.) On July 15, 2019, the Board reaffirmed its June 4, 2019 decision. (C.R. at 46.) The Board also issued a decision mailed on August 30, 2019. (C.R. at 59.) The Board asserted that Jay waived his hearing rights and admitted to violating two conditions of his parole in writing on May 13, 2019. *Id.* The Board maintained that the waiver form signed by Jay clearly indicated that he knowingly waived his rights of his own free will and accord, without promise, threat, or coercion, and could withdraw his waiver within 10 calendar days. *Id.* Accordingly, the Board stated that it had sufficient evidence to revoke Jay's parole. *Id.* Furthermore, the Board

---

[5] A Board action is not valid until at least two Board members sign the hearing report. *See* Section 6113 of the Prisons and Parole Code, 61 Pa.C.S. §6113.

explained that the Prisons and Parole Code, specifically, section 6138(c)(2), 61 Pa. C.S. §6138(c)(2), authorizes it to forfeit his credit as a TPV for the period that he was delinquent. (C.R. at 59.) Accordingly, because the Board found that Jay was delinquent from April 26 to April 29, 2019, the Board added three days to Jay's prior maximum date. *Id*. Jay subsequently appealed to this Court.

Jay filed the instant *pro se* petition for review (PFR) on September 12, 2019. In his PFR, Jay raises issues concerning his right to counsel, his waiver of a violation hearing and counsel, a misconduct report issued against him, his departure from Kintock-Erie, and potential due process violations. In terms of relief, Jay asks this Court to immediately reinstate his parole, give him permission to reside at a place of residence with family, a friend, or his own home, and to issue an order directing the Board to explain its reasoning behind the extension of Jay's maximum date.

Following the filing of Jay's PFR, Jay filed a petition for an expedited response, and subsequently, a petition to proceed *in forma pauperis*. By order dated September 19, 2019, this Court appointed counsel to represent Jay, granted his motion to proceed *in forma pauperis*, and denied his motion for expedited response. Subsequently, counsel from the Office of the Public Defender of Lawrence County entered an appearance on behalf of Jay. Eventually, Jay was transferred to Allegheny County, and the public defender from Lawrence County sought to withdraw. By order dated November 18, 2019, we permitted the Lawrence County Public Defender to withdraw and directed the Public Defender of Allegheny County to enter an appearance on behalf of Jay. Accordingly, Counsel entered her appearance.

Before examining the merits of Jay's PFR, we must first address Counsel's petition to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In order to withdraw, Counsel must

fulfill the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Under *Craig*, counsel must notify the petitioner of her request to withdraw, furnish the petitioner with either a copy of a brief complying with *Anders v. California*, 386 U.S. 738 (1967),[6] or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and inform the petitioner of his right to retain new counsel or to submit a brief on his own behalf. *Craig*, 502 A.2d at 760-61. Additionally, for counsel to withdraw pursuant to *Anders*,

> [t]he brief or letter must set forth (1) the nature and extent of counsel's review of the case; (2) the issues the [parolee] wishes to raise; and (3) counsel's analysis concluding that the appeal is frivolous.

*Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003). If counsel satisfies these requirements, the Court will conduct its own review of the merits of the case, and, if the court agrees with counsel, the Court will permit counsel to withdraw. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).

Where an inmate has a constitutional right to counsel, an *Anders* brief is required and withdrawal is allowed only where the appeal is wholly frivolous. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-26 (Pa. Cmwlth. 2009) (*en banc*). If there is not a constitutional right to counsel, counsel may satisfy her obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d 42 n.4. Because Jay does not have a constitutional right to counsel, but Counsel filed an *Anders*

---

[6] The brief that accompanies court-appointed appellate counsel's petition to withdraw from representation is commonly referred to as an *Anders* brief. *Commonwealth v. Santiago*, 978 A.2d 349, 351 (Pa. 2009).

brief on his behalf, we apply the lack of merit standard.[7] *Hughes,* 977 A.2d at 26 n.4 ("As in the past, we will not deny an application to withdraw simply because an attorney has filed an *Anders* brief where a no-merit letter would suffice. In cases where there is no constitutional right to counsel, however, we shall still apply the standard of whether the petitioner's claims are without merit, rather than whether they are frivolous.").

Counsel filed a petition to withdraw in this Court alleging that she reviewed the certified record in this case, and has spoken and written to Jay, but has not heard from him since their initial discussions. Counsel avers that after a complete review of the record, there are no non-frivolous issues to be raised on appeal. Counsel also explained that, in conjunction with her filing of her petition to withdraw, she filed an *Anders* brief on behalf of Jay, and sent a letter to him regarding his rights in

---

[7] A constitutional right to counsel exists in a parole revocation matter where a parolee raises

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 26 (quoting *Gagnon v. Scarpelli,* 411 U.S. 778, 790 (1973)). In other words, Jay has a right to counsel if he asserts that he did not commit the parole violations found by the Board, and if there are substantial reasons which justified or mitigated the violation which would make revocation inappropriate, and the reasons are complex or otherwise difficult to develop or present. Jay does not assert that he did not commit the parole violations as found by the Board. Significantly, in his PFR, Jay concedes that he absconded from Kintock-Erie and failed to return. Moreover, Counsel points out that he did not return to Kintock-Erie and that "he would do 'whatever was recommended other than returning to Kintock-Erie.'" (Counsel's Br. at 22 (citing Jay's Administrative Appeal ¶22.)) Accordingly, Jay does not raise a colorable claim that he did not commit the violations. Moreover, it does not appear that Jay has alleged or given evidence as to any substantial reason or mitigating evidence as to the reason for his violation, and it does not appear that any issue raised is complex or difficult to develop.

8

connection with the *Anders* brief. Counsel's conduct facially appears to meet the requirements of *Craig*. Specifically, Counsel maintains that she notified Jay of her intention to withdraw, and furnished Jay with a copy of the *Anders* brief she filed on his behalf. Furthermore, Counsel notified Jay that he had the right to raise additional issues in a supplemental brief, the right to retain new counsel, and the right to file his documents with this Court, *pro se*. Counsel's petition to withdraw, with the letter attached, contains a proof of service indicating that Jay was served with the petition to withdraw and the letter on February 3, 2020. Although Counsel's petition alleges that she sent Jay a copy of the *Anders* brief, the attached proof of service only references a petition to withdraw, and Counsel's letter appears to be the only attachment to the petition. This is particularly concerning in light of Counsel's contention that she has spoken and written to Jay, but has not heard from him since their initial conversations. (Petition to Withdraw ¶7.) Accordingly, there is no evidence other than Counsel's contention that indicates that Jay was ever given a copy of the *Anders* brief. *See Durham v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1338 C.D. 2016, filed October 11, 2017) (unreported)[8] (requiring counsel to file a certificate of service demonstrating that a copy of the petition for leave to withdraw *and* a copy of the *Anders* brief or no-merit letter be served upon petitioner); *Riede v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 337 C.D. 2015, filed August 8, 2016) (unreported) (same).

Moreover, it does not appear that Counsel has satisfied her duties under *Anders* with regard to the brief that she filed. Counsel, on behalf of Jay, identifies 10 issues for our consideration. However, Jay, in his PFR, clearly alleged that he "was

---

[8] *Durham* is an unreported opinion. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

not provided legal aid at the preliminary hearing even though assistance was requested." (PFR ¶9.) Jay *again* raises the issue later in the PFR, specifically asking, "[whether] [he was] deprive[d of] legal assistance at the aforesaid preliminary hearing held on [May 10, 2019], for the aforesaid violations?" (PFR ¶26.) Although Counsel identified 10 separate issues, she failed to address an issue clearly raised in Jay's PFR. "Although counsel should not be forced to pursue a frivolous contention, the petitioner's right to representation on appeal must be protected," therefore, counsel must "ensure that each of the petitioner's claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless." *Hont v. Pennsylvania Board of Probation and Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Whether the issue is meritless or not, Counsel failed to address this issue in her *Anders* brief, and thus, she is not permitted to withdraw.

In *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355 (Pa. Cmwlth. 1992), counsel filed an *Anders* brief on behalf of a recommitted parolee. We explained that we will not reach the merits of an appeal until we are satisfied that counsel has "discharged [her] responsibility in complying with the technical requirements of an *Anders* brief or a no-merit letter." *Id*. at 356. We explained that Counsel must present "*each issue* the petitioner wished to have raised, with counsel's explanation of why those issues were meritless . . . ." *Id*. (citing *Turner*, 544 A.2d at 928-29). We further explained that "an *Anders* brief must contain at a minimum, the list of issues raised by petitioner and [an] explanation of why those issues are meritless . . . ." *Id*. Based on these precepts, we determined that because the parolee's petition for review raised four issues, and the *Anders* brief only addressed two of the four issues raised, Counsel failed to satisfy her obligation under *Anders*. *Id*. at 357. We have consistently reached this conclusion. *See Hill v. Pennsylvania Board of Probation and*

10

*Parole*, 707 A.2d 1214 (Pa. Cmwlth. 1998) (concluding that where counsel failed to address issues in an *Anders* brief/no merit letter that were raised in the petition for review, counsel was precluded from withdrawing); *Hont*, 680 A.2d at 48 (same); *Riede v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 337 C.D. 2015, filed August 8, 2016) (unreported) (same).

Accordingly, Counsel's petition to withdraw is denied without prejudice, and this Court will refrain from proceeding upon an independent examination of the merits of Jay's appeal until these obligations are satisfied.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Jay,                                    :
                    Petitioner                 :
                                               :   No. 1272 C.D. 2019
          v.                                   :
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :
                    Respondent                 :

## *ORDER*

AND NOW, this 12ᵗʰ day of January, 2021, Victoria H. Vidt, Esquire's (Counsel) petition to withdraw as counsel is **DENIED** without prejudice. Counsel is granted 30 days from the date of this Order to either file a renewed petition to withdraw and an amended *Anders v. State of California*, 386 U.S. 738 (1967), brief, or a no-merit letter consistent with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), or, alternatively, to submit a brief on the merits. Counsel is further directed to file proof of service demonstrating service of a copy of her filing on Petitioner Joseph Jay.

_____
PATRICIA A. McCULLOUGH, Judge